**John W. BRYANT, Relator,**

v.

**DALLAS COUNTY DEMOCRATIC EXECU-
TIVE COMMITTEE et al., Respondents.**

No. 17479.

Court of Civil Appeals of Texas,
Dallas.

Feb. 25, 1970.

Richard N. Johnston, Dallas, for relator.

William C. Dowdy, Jr., Dallas, for respondents.

BATEMAN, Justice.

The Relator John W. Bryant has, with our permission, presented an original petition for a writ of mandamus to require the Respondents Dallas County Democratic Executive Committee and its Chairman and Secretary to place his name on the Democratic primary ballot as a candidate for State Representative, Place 7, at the primary election to be held on May 2, 1970. The decision turns on the question of whether Relator made timely payment of the filing fee required by law.

The facts stated by Relator as entitling him to the writ of mandamus, which facts are accepted by us for this purpose as true, are as follows: The deadline for filing applications for a place on the ballot was Monday, February 2, 1970. Art. 13.12, Election Code of Texas, V.A.T.S. On the preceding Friday, January 30, 1970, Relator filed his application, accompanied by his check for $300, the amount of the filing fee specified in Art. 13.08a, Election Code of Texas, the check being signed "John W. Bryant Campaign Fund" and drawn on the Northpark National Bank, of Dallas, Texas. The check reached the Northpark National Bank on February 2, where payment was refused and the check stamped "Not Sufficient Funds" and returned to the Respondents' bank in which it had been deposited. The check was then mailed by that bank on February 4, arriving at Respondents' headquarters on February 5, 1970. Upon being notified on February 6, 1970 that the check had been returned because of nonsufficient funds, Relator asked that the check be sent back through banking channels as there were then sufficient funds in the account to cover the check, and further offered to replace the check with $300 in cash immediately. Both offers were refused by the Chairman. On Thurs-

day, January 29, 1970, Relator intended to deposit a batch of eleven checks in the account of "John W. Bryant Campaign Fund" in the Northpark National Bank, but inadvertently placed the checks in an envelope addressed to the North Central State Bank, where he had maintained a checking account until September, 1969. When the North Central State Bank returned the checks to Relator, he received them on February 4, 1970 and promptly sent them for deposit to the account of "John W. Bryant Campaign Fund" at the Northpark National Bank. The Dallas County Democratic Executive Committee met on Monday, February 9, 1970, for the purpose of certifying candidates and considered the matter here involved and voted to exclude Relator from the Democratic primary ballot for the election of May 2, 1970.

The pertinent part of Art. 13.07a, Election Code of Texas, reads:

"A candidate for the Legislature shall pay to the county chairman, at the time of filing his application, a deposit in the amount of the maximum amount which he may be assessed in that county, or the amount of the filing fee in that county in cases where a fixed fee is prescribed."

The third paragraph of Art. 13.08a of the Election Code, which is applicable to Dallas County, provides that the county executive committee "shall require candidates for State Senator or State Representative to pay the amount of Three Hundred Dollars ($300) to have their names placed upon the ballot in a primary election."

We have carefully studied the facts presented to us in an effort to find, if possible, some legal basis on which Relator's admitted failure to comply literally with the statutes above mentioned could be excused, but have not been able to do so. He does not direct our attention to unfortunate circumstances beyond his control which would make it inequitable to deny him the relief sought, as was true in Roy v. Drake, 292 S.W.2d 848 (Tex.Civ.App., Dallas 1956, no writ) and Fisher v. Dallas County Democratic Executive Co., 333 S.W.2d 604 (Tex. Civ.App., Dallas 1960, no writ).

The statutes require Relator to "pay to the county chairman, at the time of filing his application," the sum of $300. He did not do so, and offers as his only excuse that he mistakenly thought he had arranged to have sufficient funds on deposit in the bank on which the check was drawn to honor the check when presented in due course. He says this was due to his own inadvertent error in mailing certain checks for deposit to the wrong bank. He does not suggest that the return of the check was due to any fault or misconduct on the part of Respondents or of either of the banks. The mistake was due to his own negligence. The fault was his alone.

It is necessary in the orderly conduct of the democratic processes of government for certain deadlines to be set and observed. If this were not so utter chaos would result. Relator says that he delivered his $300 check with his application for a place on the ballot in good faith, and contends that in the absence of fraud or bad faith on his part the statute should be held to be directory and not mandatory. We do not agree. Under the facts presented here we hold that the statutes requiring the fee to be paid at the time of filing the application are mandatory. Brown v. Walker, 377 S.W.2d 630 (Tex.1964).

Relator argues that since the check was given and accepted as payment of the filing fee within the time specified the law has been complied with by the tender of the $300 in cash within a few days after the deadline; but under the law the delivery of a check is not payment unless it is actually paid in due course. The check was accepted with the understanding and on condition that it was a good check and would be paid when presented in due course. It was not such a check but merely a piece of paper at the time it was delivered, and the

offer to redeem it in cash after the deadline cannot transform it into a "payment" before the deadline. 44 Tex.Jur.2d, Payment, § 25, p. 674; Pitts v. G. F. C. Corporation, 228 S.W.2d 261 (Tex.Civ.App., Dallas 1950, no writ); Duke v. Sun Oil Co., 320 F.2d 853, 861 (5th Cir. 1963). Therefore we hold that Relator's name cannot legally be placed on the ballot.

The application for writ of mandamus is denied.