Richard Scott GEIGER, Relator,

v.

Manuel DeBUSK, Chairman, Dallas County Democratic Executive Committee, Respondent,

Pete Howell, Intervenor.

No. 18944.

Court of Civil Appeals of Texas, Dallas.

March 9, 1976.

Richard S. Geiger, Dallas, for relator.

Ronald A. Dubner, Dallas, for chairman.

Joseph A. Devany, Dallas, for intervenor.

CLAUDE WILLIAMS, Chief Justice.

■ Relator, Richard Scott Geiger, has with our permission filed his original petition in this court seeking a writ of mandamus against respondent, Manuel DeBusk, Chairman, Dallas County Democratic Executive Committee, requesting this court to order respondent to omit the name of Pete Howell as a candidate for nomination to the office of state representative, District 33G, Dallas County, Texas, when the official ballot is prepared. Our jurisdiction to hear this original proceeding is expressly granted by Tex.Rev.Civ.Stat.Ann. art. 1735a (Vernon Supp.1975) and Tex.R.Civ.P. 383. The question presented turns on the construction of article 13.08(d) of Vernon's Annotated Civil Statutes, as amended September 1, 1975. More specifically, the right to the issuance of the writ of mandamus depends upon whether the provisions of the statute requiring an affidavit to be attached to the petition in lieu of the payment of a filing fee is mandatory or directory. We hold that the requirement is mandatory and that having failed to attach an affidavit to the nominating petition, the potential candidate's name cannot be printed on the official ballot.

The following facts are undisputed. Pete Howell, who appears in this action as an intervenor, made written application to the County Chairman, Dallas County Democratic Executive Committee, on January 30, 1976, asking that he be placed upon the ballot of the Democratic primary held on May 1, 1976, for the office of state representative, District 33G. Attached to his application is a "petition in lieu of filing fee" and contains the statement required to be set forth in hac verba in article 13.08(d). Following this statement is a list of names of voters alleged to be eligible to vote for the office for which the candidate is running. The statement is signed but not verified by affidavit. Respondent chairman received and accepted the application of Howell and filed the same. Relator, through his attorney, called attention to the deficiencies in the nominating petition but the chairman determined that he would accept the application and authorize the name of Pete Howell to be placed on the Democratic primary ballot on May 1, 1976.

Howell admits that the petition which he filed pursuant to authority of article 13.-08(d) is not verified by affidavit but attempts to avoid the effect of this omission by taking the position that (1) such statutory provision concerning affidavit is directory and not mandatory; and (2) that he received the forms for voters' signatures from the county Democratic chairman's office in Dallas and relied upon these forms as being correct.

The statute with which we are concerned, article 13.08(d), which provides an alternative method of becoming a candidate without payment of filing fee, is plain and explicit in its provisions that "to each part of the petition shall be attached an affidavit of the person who circulated it, stating that he called each signer's attention to the statement and read it to him before the signer affixed his signature to the petition, and further stating that he witnessed the affixing of each signature, that the correct date of signing is shown on the petition, and that to the best of his knowledge and belief each signature is a genuine signature of the person whose name is signed. A petition so verified is prima facie evidence that the signatures thereon are genuine and

the persons signing it are registered voters. . . . It is the specific intent of the legislature that there shall be no requirement for the administering of an oath to any person signing a petition under the provisions of this section."

■ It is quite obvious that it was the purpose and intent of the legislature to specifically require that the person who proceeds under this alternative method of placing his name upon the ballot without paying his filing fee, must submit a petition supported by a sworn statement in the form of an affidavit setting forth specific items. We hold that these clear and specific directions both as to the content of the instrument and the fact that it must be verified are clearly mandatory and not directory. Consequently, intervenor must strictly comply with these mandatory provisions. The legislature made it quite clear that it did not intend for the voters themselves to be subjected to an oath, but it did intend for the person seeking to have his name placed upon the ballot to be subject to an oath. As stated in *McWaters v. Tucker,* 249 S.W.2d 80 (Tex.Civ.App.—Galveston 1952, no writ), the provisions of election laws which relate to voters are to be construed as directory whereas the provisions of election laws governing what is required of candidates are mandatory. This is because the right to vote is a fundamental one, whereas the right to hold an office is in the nature of a privilege.

■ Nor can we agree with intervenor's contention that he was entitled to rely upon the respondent chairman's action in furnishing him with the blank forms which he assumed would be sufficient to comply with the law. The identical question was decided adversely to intervenor's contention by the Supreme Court in *Brown v. Walker,* 377 S.W.2d 630 (1964).

In *Brown* a candidate relied upon the statement of the county Democratic chairman concerning the method and manner of mailing his filing fee. The fee was not received in time, and the candidate sought to excuse his failure to comply with the mandatory provisions of the statute by asserting that he had relied upon the assurances of the chairman. The Supreme Court rejected this contention and held that the candidate's failure to follow the plain and mandatory provisions of the law barred him from appearing on the ballot.

This opinion is directly in point and controls the factual situation here. We are bound to follow the law as announced by our Supreme Court and overrule intervenor's contention.

Since the mandatory provisions of the statute have not been complied with, we order the issuance of a writ of mandamus directing Manuel DeBusk, Chairman, Dallas County Democratic Executive Committee, to omit and delete the name of Pete Howell as a candidate for nomination to the office of state representative, District 33G, when the official ballot is prepared.

The ballots for the Democratic primary to be held May 1, 1976, will be printed March 16, 1976. For that reason we direct that a motion for rehearing by respondent and intervenor will not be entertained. Their remedy is to seek a writ of mandamus from the Supreme Court.

GUITTARD, J., not sitting.