**Ann BYARS, Petitioner,**

v.

**Estil VANCE, Jr., Chairman Democratic Executive Committee, et al., Respondents.**

**No. 19532.**

Court of Civil Appeals of Texas, Fort Worth.

June 1, 1976.

L. Clifford Davis and Huey P. Mitchell, Fort Worth, for petitioner.

Estil Vance, Jr., pro se.

**OPINION ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS**

PER CURIAM.

This is an original proceeding in the Court of Civil Appeals. Petitioner seeks writ of mandamus to compel removal from the Democratic Party ballot the name of Bobby Webber, candidate for nomination as State Representative. Webber and Leonard Briscoe are the two candidates, having received the greater number of votes cast at the first primary election among a field of qualified candidates for nomination. Both are undisputedly candidates qualified by law and by party regulation. The names of both are scheduled to appear on the second or "run off" ballot in the forthcoming election. It is such ballot with which they are concerned.

Allegedly Webber forfeited his right to have his name on the ballot by reason of a certain violation of law. Such was brought to the attention of Estil Vance, Jr., Chairman of the Democratic Executive Committee for Tarrant County, Texas. The area encompassed by District 32–H lies wholly within such county. Mr. Vance refused to remove Webber's name from the ballot.

Petitioner then presented her petition for mandamus, along with a motion for leave to file the same, in this Court of Civil Appeals. Hearing was upon the petitioner's Motion for Leave to File.

Leave to file petition for mandamus refused.

In Chapter Fourteen of Texas Election Code is contained Art. 14.08, "Leave Name Off Ticket" (also elsewhere numbered as Art. 14.09 in Vernon's Annotated Statutes). Therein is provision that any candidate who shall knowingly permit or assent to any violation of any provision of the chapter shall forfeit the right to have his name appear on the ballot of any forthcoming primary election. It is by purported au-

thority of the article that relief by mandamus is demanded. Facts purportedly showing Webber's violation are alleged.

The petition for mandamus and motion for leave to file such is by Ann Byars, presenting herself in the capacity of one entitled to vote at the forthcoming "run off" election. There has not been any joinder in the motion or petition by the District Attorney nor by the Attorney General. Clearly the proceeding does not qualify as one brought by *quo warranto*.

Article 14.08 (or 14.09) provides relative to the aforementioned Chapter Fourteen, as follows: "Proceedings by quo warranto to enforce the provisions of this Section, or to determine the right of any candidate alleged to have violated any provision of this Chapter, to have his name placed on the primary ballot, . . . may be instituted on the complaint of any citizen in the district court of any county, the citizens of which are entitled to vote for or against any candidate who may be charged in such proceedings with any such violation."

There is distinction to be made between a proceeding in which the objective is to compel the placement of the name of a candidate on the ballot and a proceeding in which the objective is to compel the removal of the name of a candidate from the ballot on which, by reason of his qualification, it has already been placed.

As applied to the former the proceeding is not one which must be brought as in *quo warranto*. See cases annotated under V.A. T.S., Art. 1735a, "Mandamus in connection with elections and political party conventions". See also the case of *Geiger v. DeBusk*, 534 S.W.2d 437 (Tex.Civ.App., Dallas, 1976), a case in which mandamus was sought by an individual and right to relief was sustained though not brought as a proceeding in *quo warranto*. Such case was one in which it was undisputed that the person whose name was sought to be removed from a party primary ballot had never qualified so that he was become a candidate. We deem such case as one which falls in this situation, and not in the latter. In any event it was not a situation to which Chapter Fourteen had application.

As applied to the latter situation, where the objective of the proceeding is to remove the name of a candidate from a ballot, lawfully appearing thereon because of his compliance with requisites and because he was become a true qualified candidate, there is *no means* other than by a proceeding in *quo warranto* in which his name may be ordered removed from the ballot. *Shaw v. Miller*, 394 S.W.2d 701 (Tex.Civ.App., Houston, 1965, writ ref., n. r. e.); *Owen v. Longuemare*, 268 S.W.2d 701 (Tex.Civ.App., El Paso, 1954, no writ hist.).

In the instant case the petition for mandamus is one which this Court has not the power to entertain. The Court's authority to grant relief would exist only in the event the proceeding was in *quo warranto*. The proceeding is not so presented. Therefore, it is obvious that we would err should we permit the petition for mandamus to be filed.

Leave to file petition for mandamus is refused.