Roger G. STOTLER, Appellant,

v.

Robert M. FETZER, Appellee.

No. 01–81–0732–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1982.

Rehearing Denied March 25, 1982.

Sears & Burns, C. Charles Dippel, Houston, for appellant.

Bracewell & Patterson, Mark E. Lowes, Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

SMITH, Justice.

This is an appeal of an election contest challenging the certification of Roger G. Stotler, appellant and contestee, as the candidate entitled to the office of Alderman, Position 5, for the City of Piney Point Village, Texas. Robert M. Fetzer, appellee and contestant after losing the election by two votes, filed this suit alleging fraud and irregularities in the absentee voting. The trial court granted the appellee's motion for summary judgment, declared all absentee votes void, and held the appellee to be the winner of the election. The only issue on this appeal is the validity of twenty-nine absentee votes.

## CONTESTANT'S MOTION FOR SUMMARY JUDGMENT

The appellee/contestant in his motion for summary judgment alleged that he was entitled, as a matter of law, to be declared the winner in the election for Alderman Position 5, for two reasons. First, that the City of Piney Point Village established the place of absentee voting outside the boundaries of the election precinct, and secondly, that each of the absentee ballots were voted onto the election machine after the polls had been closed to all other voters. He further alleged that he received five of the absentee votes and that Mr. Stotler received twenty-four of those votes, and that if the absentee votes were deducted from the canvass vote he would be the winner in this election.

The appellant asserts that the trial court erred in ruling that all absentee ballots were cast illegally and were void because they were cast on the voting machine after 7:00 p. m. on election day. The appellee contends that Tex.Elec.Code Ann. art. 7.14 is mandatory, and that the absentee vote in this election was illegal.

The purpose of the election code is to prohibit error, fraud, mistake, and corruption, and to set forth a method and system to prevent these irregularities. See, *Zavaletta v. Parker*, 611 S.W.2d 466 (Tex.

Civ.App.—Corpus Christi 1980, no writ). The general rule of interpretation is that the election laws are to be construed as directory in the absence of fraud or a mandatory provision which requires the voiding of a ballot for failure to comply with its provisions. This rule and the policies behind it were summarized in *Thomas v. Groebl*, 147 Tex. 70, 212 S.W.2d 625 (1948). In deciding whether a statute is mandatory, the legislative intent is determined from a consideration of the entire act, its nature, its object, and the consequences that follow from the construction thereof. *Nichols v. Aldine Independent School District*, 356 S.W.2d 182 (Tex.Civ.App.—Houston 1962, no writ). It appears that only those statutes, which from their very nature are deemed absolutely essential to accomplish the purposes of constitutional sufferage, are deemed mandatory. *Christy v. Oliphint*, 291 S.W.2d 406 (Tex.Civ.App.—Galveston), *aff'd on other grounds*, 299 S.W.2d 933 (Tex.1957).

■ In this case the absentee ballots were delivered to the election judge in ample time to be cast on the voting machine in compliance with all of the provisions of the election code. However, the election judge did not enter the absentee ballots on the machine until after the poll had closed at 7:00 p. m. Art. 7.14 Sec. 7 of the Election Code states in pertinent part as follows:

> Between the hours of 2:00 p. m. and 3:00 p. m. on the day of the election, the ballot envelopes shall be opened and the ballots shall be counted and tallied in the same manner as other ballots cast at the election...

Article 5.05 Subd. 6(d) of the Election Code also addresses the manner in which absentee ballots shall be counted. It states as follows:

> At such time as the presiding judge shall direct, the election officers whose duty it is to count the ballots shall open the absentee ballot box, remove the ballots from the sealed ballot envelopes, and proceed to count and make out returns of all ballots cast absentee, including the ballots voted by personal appearance, in the same way as it is done at a regular polling place.

Article 2.01 of the Election Code must also be considered. It states in pertinent part as follows:

> In all elections, general, special or primary, the polls shall be open from seven a. m. o'clock to seven o'clock p. m.... All persons who are within the polling place and all persons who are waiting to enter the polling place at seven o'clock p. m. shall be allowed an opportunity to present themselves for voting in the same manner as if they had appeared and offered themselves for voting during regular voting hours.

In this case the contestant's complaints are directed at the election judge, not the voter, in that the ballots were not entered upon the voting machine between 2:00 p. m. and 3:00 p. m., and that they were not entered upon the voting machine prior to 7:00 p. m. Heretofore the courts have held that the provisions of the election code will be interpreted as directory where they regulate the conduct of the election officials, unless otherwise specifically provided. *Day v. Crutchfield*, 400 S.W.2d 377 (Tex.Civ. App.—Texarkana 1965, writ dism'd); *City of Roma v. Gonzalez*, 397 S.W.2d 943 (Tex. Civ.App.—San Antonio 1965, writ ref'd n. r. e.). In this case it would indeed be harsh to disenfranchise twenty-nine voters for the act of an election official over whom they had no control. We hold that Art. 7.14 Sec. 7 and Art. 2.01 of the election code, directing an election judge when to enter absentee paper ballots on a voting machine, are directory. We sustain the appellant's point of error.

■ The contestant/appellee also alleged in his motion for summary judgment that all absentee ballots were illegally cast and void for the reason that the absentee voting was done in the City Hall of Piney Point, which is located outside of the boundaries of the city.

The City of Piney Point Village is a zoned city. It is primarily residential and permits no commercial buildings or commercial ac-

tivity within its corporate limits. To preserve the integrity of this zoning ordinance, the city government chose to place their city offices a short distance outside of the city limits of Piney Point in the city of Houston.

The election in this case was properly called by the City. The call and notice provided that the corporate boundaries of the City would constitute one voting precinct; that the election be held on April 4, 1980, between the hours of 7:00 a. m. and 7:00 p. m.; that Memorial Drive Elementary School located within Piney Point Village, be designated as the voting place on election day; and that absentee polling would be conducted at the City of Piney Point Village offices. All absentee votes were delivered to the city offices and on election day were delivered to the election judge at the designated polling place in Piney Point Village, where they were entered upon the voting machine as hereinabove described.

Article 7.14, Sec. 7 states in pertinent part as follows, "the ballot shall be registered on the voting machine the same as if the absent voter had been present and voted in person, ..." Article 2.06 of the Election Code states that all voters shall vote in the election precinct in which they reside.

While it is true that the absentee ballot envelopes were either mailed or personally delivered to the city office which was located outside the city boundaries, the designated election day polling place was located inside the boundaries of the city. On election day, the absentee ballots were registered on the voting machine, located within the boundaries of the designated precinct, "as if the absentee voter had been present and voted in person."

Is an absentee paper ballot mailed or personally delivered to a designated precinct outside the voting precinct, but entered upon the voting machine located within the voting precinct, illegal or void? We have been unable to locate any cases with an analogous factual situation; however, we are reluctant to disenfranchise the absentee voters simply because the city council designated the absentee voting office as the city offices located outside the designated precinct. In this instance there is no allegation of fraud in the manner in which the absentee ballots were cast upon the voting machine, and although the ballots were delivered outside the voting precinct, they were physically cast on the voting machine within the precinct. We hold that the absentee ballots in this election were registered on the voting machine the same as if the voter had been present and voted in person. Art. 7.14 Sec. 7 has been complied with and we find no error in the trial court's judgment on this point.

## CONTESTEE'S MOTION FOR SUMMARY JUDGMENT

The appellant/contestee's motion for summary judgment alleged that the contestee was entitled to a summary judgment as a matter of law, and addressed all of the alleged points of error by the contestant in its original petition. This motion contains some sixty pages of affidavits and records pertaining to the absentee balloting. By contrast, the contestant's motion for summary judgment was accompanied by two affidavits, one by a person stating that the absentee ballots had been entered upon the voting machines after the hour of 7:00 p. m., and the other, made by the contestant, stating that one of the clerks conducting the absentee voting had told him that only fifteen absentee ballots had been cast.

The appellee asserts that his affidavit raises a fact question as to whether twelve persons voted absentee by personal appearance after the period for absentee voting had ended. Rule 166-A(e) states that supporting and opposing affidavits shall be made on personal knowledge, and shall set forth such facts as would be admissible in evidence. The appellee's affidavit is based on hearsay and does not comport with this rule. The affidavits of the three clerks who participated in the absentee balloting are clear, positive and direct and, except for the hearsay affidavit of the contestant, their affidavits are uncontradicted. We note that the contestant's affidavit is a

result of a telephone conversation and no reference is made to the official records of the City.

A review of the affidavits and of the city records of the votes cast in the absentee election reveal a few irregularities and variances in the manner in which the absentee ballot was conducted, but none of these would void a legally cast absentee ballot which was properly applied for, issued and returned in accordance with the election code provisions, except one. The one exception is that of a Mr. Halk, who did not indicate on his application for an absentee ballot that he would be absent from the county, and did not mail his application to the clerk but personally appeared and requested a ballot. This ballot was not mailed from a point outside of the county, and his ballot was not received until after the closing of the polls for absentee voting by mail. Accepting Mr. Halk's ballot after the closing of the polls for absentee voting by mail violates article 5.05 sub. 4(a). That section expressly provides:

> ... In all other elections that are less than county-wide, the marked ballot must be received in the clerk's office before 10:00 a. m. on the second day preceeding the election day.

This provision has been held to be mandatory. *Guerra v. Ramirez*, 351 S.W.2d 272 (Tex.Civ.App.—San Antonio 1961, writ dism'd).

Mr. Halk was the last person to obtain an absentee ballot, and the clerk issuing him said ballot recalled that he received ballot no. 29. The record reflects that Mr. Halk voted for Mr. Fetzer, the contestant.

## PLEADINGS

The appellee in his petition alleged that the absentee votes were illegally or fraudulently cast for the following reasons:

(1) that the polling place for absentee ballots was physically located outside the designated voting precinct, i.e. the City of Piney Point Village.

(2) that the absentee ballots were counted after 7:00 p. m. on April 4, 1981, election day;

(3) that there was a disregard of the secrecy of the absentee ballots, in that there was a general failure to shuffle the ballots and to utilize ballot, carrier and jacket envelopes;

(4) that twelve absentee ballots voted by personal appearance were voted after the close of absentee balloting March 31, 1981, 5:00 p. m.

(5) that twelve voters who cast the last twelve absentee ballots did not file an application for an absentee ballot, as required by law;

(6) that the application for an absentee ballot of Elliot Stotler did not indicate that he would be absent from the city on election day, and that it was not mailed to the clerk by Stotler;

(7) that the applications to vote absentee by two voters, Doris and Albert Smith, failed to indicate that they would be absent from the city on election day and that their ballots were not mailed to the clerk from outside of the County of Harris.

We have reviewed the pleadings of the appellant and the appellee to ascertain if fact issues remain that were not resolved by the trial court's judgment. Appellee's allegations three through seven, shown above, were raised by the appellee in his pleadings but not in his motion for summary judgment. Appellant's motion for summary judgment addressed all seven points in the appellee's pleadings and the two points in the appellee's motion for judgment. The allegation of fraud in appellee's pleadings set forth seven specific grounds and there is no general allegation of fraud. See *Gottlieb v. Hofheinz*, 523 S.W.2d 7 (Tex.Civ.App. —Houston [1st Dist.] 1975, writ dism'd).

The appellee's challenge of the votes of Doris Smith and A. L. Smith, Jr. need not be considered by this court, for the reason that Mr. Halk voted for the appellee. Thus, when Mr. Halk's vote became void the appellant won the election by three votes. How the two Smiths voted becomes immaterial on this appeal as appellant would win the election by one vote if the Smiths voted

for the appellant. (There is no evidence how the Smiths voted.)

We have reviewed the other allegations in the appellee's petition concerning irregularities in the manner in which the applications and ballots were handled, and we can discern no irregularities that violate the mandatory provisions of the election code, and we are of the opinion that no fact issues remain. We concur with the trial court's judgment in all respects except that portion of the judgment which held all absentee votes void for having been cast on the voting machine after 7:00 p. m.

Accordingly, we reverse and render the judgment of the trial court and declare Roger G. Stotler to be duly elected to the office of Alderman Position 5, of the City of Piney Point Village, Texas. All costs of this appeal are assessed against Robert M. Fetzer, appellee herein.