

# THE ATTORNEY GENERAL
## OF TEXAS

November 10, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Larkin C. Eakin, Jr.        Opinion No. JM-574
Waller County Attorney
836 Austin Street                     Re: Sufficiency of rollback petition
Hempstead, Texas    77445             under section 26.07 of the Tax Code

Dear Mr. Eakin:

You have provided us with the following information:

> By way of factual background, the commissioners
> court of Waller County approved a tax rate for
> Waller County that exceeded the rate calculated as
> provided by section 26.04 of the Texas Property
> Tax Code by more than eight percent (8%). A peti-
> tion was circulated and presented to commissioners
> court calling for a 'rollback' election in con-
> formity with section 26.07 of the Texas Property
> Tax Code. The petition was examined and signa-
> tures verified by the county election adminis-
> trator, Mr. A. S. Wier. After disallowing a number
> of signatures as not listed on the voter rolls or
> as duplicates of other signatures, the petition
> was found, by the commissioners court, to be some
> 200 signatures short of the required number.

> Thereafter, within the time limits provided by
> section 26.07, the citizens conducting the
> petition campaign presented the commissioners
> court with a new petition which the petition
> organizers labelled as petition 'B'. Petition 'B'
> consisted of a photostatic copy of the first
> petition presented to the commissioners together
> with sufficient original signatures that, when
> taken together, apparently exceeded the required
> number of signatures to call a 'rollback' election
> under section 26.07. It was made clear during the
> presentation that petition 'B' was a new petition
> and that the new, original signatures were not to
> be considered as supplementary to the first peti-
> tion. The commissioners court once again refused
> to order a 'rollback' election, rejecting the
> petition as insufficient.

You ask whether the presentation of the petition, consisting of photostatic copies of signatures that comprised the first petition coupled with new lists of actual signatures that were less in number than the required amount, is sufficient to authorize the calling of a tax rate rollback election under section 26.07 of the Tax Code. We answer your question in the negative.

Section 26.07 of the Tax Code sets forth the following:

(a) If the governing body of a taxing unit other than a school district adopts a tax rate that exceeds the rate calculated as provided by Section 26.04 of this code by more than eight percent, the qualified voters of the taxing unit by petition may require that an election be held to determine whether or not to reduce the tax rate adopted for the current year to a rate that exceeds the rate calculated as provided by Section 26.04 of this code by only eight percent.

(b) A petition is valid only if:

(1) it states that it is intended to require an election in the taxing unit on the question of reducing the tax rate for the current year;

(2) it is signed by a number of qualified voters of the taxing unit equal to at least 10 percent of the number of qualified voters of the taxing unit according to the most recent official list of qualified voters not counting the signatures of voters gathered by a person who received compensation for circulating the petition; and

(3) it is submitted to the governing body on or before the 90th day after the date on which the governing body adopted the tax rate for the current year.

(c) Not later than the 20th day after the day a petition is submitted, the governing body shall determine whether or not the petition is valid and pass a resolution stating its finding. If the governing body fails to act within the time allowed, the petition is treated as if it had been found valid.

(d) If the governing body finds that the petition is valid (or fails to act within the time

> allowed), it shall order that an election be held
> in the taxing unit on a date not less than 30 or
> more than 90 days after the last day on which it
> could have acted to approve or disapprove the
> petition. A state law requiring local elections
> to be held on a specified date does not apply to
> the election unless a specified date falls within
> the time permitted by this section. At the
> election, the ballots shall be prepared to permit
> voting for or against the proposition: 'Reducing
> the tax rate in (name of taxing unit) for the
> current year from (the rate adopted) to (the rate
> that is only eight percent greater than the rate
> calculated as provided by Section 26.04 of this
> code). . . .' (Emphasis added).

Essentially, you wish to know whether a petition which consists, in part, of a photostatic copy of signatures already obtained complies with subsection 26.07(b)(2) requirement that the petition be "signed by a number of qualified voters. . . ." We conclude that it does not.

In Attorney General Opinion JM-501 (1986), we concluded that a voter registrar acted properly when rejecting a petition circulated for the purpose of determining whether the sale of certain alcoholic beverages would be authorized within the county. The voter registrar disallowed an undisclosed number of voters' signatures when there appeared minor variations between the signatures and the names of the voters as they appeared on the official copy of the current list of registered voters. The statute at issue, section 251.10 of the Alcoholic Beverage Code, specifically provided that the signature could not be counted in an instance in which

> the name of the voter is not signed exactly as it
> appears on the official copy of the current list
> of registered voters for the voting year in which
> the petition is issued.

Alco. Bev. Code §251.10(b)(6). Admittedly, the requirements for a petition set forth in section 26.07 of the Tax Code are less rigorous than those set forth in section 251.10 of the Alcoholic Beverage Code, but the rationale by which we concluded in Attorney General Opinion JM-501 that the petition requirements should be strictly construed are equally applicable to both provisions.

We noted in Attorney General Opinion JM-501 that, in construing election laws, it is necessary to determine whether the provisions under scrutiny are mandatory or directory in nature. Branaum v. Patrick, 643 S.W.2d 745, 749 (Tex. App. - San Antonio 1982, no writ). In general, election laws are to be construed as directory in the absence of fraud or of provisions which are clearly mandatory. Stotler v. Fetzer, 630 S.W.2d 782 (Tex. App. - Houston [1st Dist.]

1982, writ dism'd); Attorney General Opinion JM-467 (1986).  Because the right to vote is fundamental, election law provisions relating to qualifications of voters are usually construed to be directory.  Leach v. Fischer, 669 S.W.2d 844 (Tex. App. - Fort Worth 1984, no writ); Branaum v. Patrick, supra.  Irregularities in the election process which do not act to disenfranchise voters or affect the result of an election are generally treated as inconsequential.  See Branaum v. Patrick, supra, at 750.  However, election law provisions regarding candidates and their qualifications for office are usually construed as being mandatory, because the right to hold office is considered a privilege.  Leach v. Fischer, supra; Sparks v. Busby, 639 S.W.2d 713 (Tex. App. - Tyler 1982, writ dism'd); Geiger v. DeBusk, 534 S.W.2d 437 (Tex. Civ. App. - Dallas 1976, no writ).  Moreover, in the instance of a special election, the exercise of a grant of authority to call an election must be in strict conformity with the provisions of the legislative grant.  West End Rural High School District of Austin County v. Columbus Consolidated Independent School District of Colorado County, 221 S.W.2d 777 (Tex. 1949); Mesquite Independent School District v. Gross, 67 S.W.2d 242 (Tex. 1934).  As the Supreme Court has declared:  "When a statute which authorizes a special election . . . prescribes the form in which the question shall be submitted to the popular vote, we are of the opinion that the statute should be strictly complied with."  Reynolds Land & Cattle Co. v. McCabe, 12 S.W. 165 (Tex. 1888); Coffee v. Lieb, 107 S.W.2d 406, 411 (Tex. Civ. App. - Eastland 1937, no writ).

In West End, the special election at issue was one to consolidate school districts; the issue was whether the petition to call the election was defective.  The petition failed to specify correctly the school districts involved.  In discussing the conditions precedent necessary to call the election, the court declared the following:

> Article 2806 [governing school district consolidation elections] does not purport to confer unlimited power, or jurisdiction, upon a county judge to call special elections for the purpose of effecting consolidation of school districts.  The statute expressly limits his jurisdiction to the instances in which he is presented with a petition complying with the above-noted requirements; in other words, with a proper petition.  The requirements pointed out are conditions precedent to invoke the jurisdiction of a county judge to call an election for creating a district or districts by consolidation; and consequently the requirements limit his potential jurisdiction.  (Emphasis added).

221 S.W.2d at 779.

In this instance, as with the provisions addressed in Attorney General Opinion JM-501, we construe the requirements of section 26.07 of the Tax Code to be mandatory. Admittedly, it does not deal with the qualifications of a candidate. It does, however, concern whether an election issue, rather than a candidate's name, will be placed on the ballot. Cf. Leach v. Fischer, supra. Moreover, because we believe subsection (b) is clear and unambiguous, it must be enforced according to its express language. Cail v. Service Motors, Inc., 660 S.W.2d 814, 815 (Tex. 1983).

Subsection (b)(2) of section 26.07 of the Tax Code requires that a conforming petition be "signed" by a requisite number of voters. One ordinarily "signs" a document when he writes or marks something on it in token of his intention to be bound by its contents. Delespine v. State, 396 S.W.2d 133, 136 (Tex. Crim. App. 1965), cert. denied, 384 U.S. 1019 (1966). In Attorney General Opinion JM-501, however, we construed the signature requirements to be mandatory and concluded that a voter registrar acted properly in striking non-conforming signatures, as provided by the applicable section of the Acloholic Beverage Code. In this instance, part of the petition presented consisted, not of actual signatures, but of copies of signatures of a petition previously submitted to and rejected by the commissioners court. We have found no statute which permits copies of signatures, as opposed to actual signatures, to be sufficient to qualify as a conforming petition. See, e.g., V.T.C.S. arts. 179d (Bingo Enabling Act); 6702-1 (County Road and Bridge Act). In each instance, a petition must be "signed." Accordingly we conclude that a petition that consists in part of copies of signatures comprising a previously submitted and rejected petition does not comport with the requirement of section 26.07 of the Tax Code that such petition be signed by a requisite number of voters.

## SUMMARY

A petition for a tax rollback election that consists in part of copies of signatures comprising a previously submitted and rejected petition does not comport with the requirement of section 26.07 of the Tax Code that such petition be signed by a requisite number of voters.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General