# The Attorney General of Texas

**JIM MATTOX**
**Attorney General**

June 19, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Timothy D. Yeats
Howard County Attorney
P. O. Box 2096
Big Spring, Texas    79721

Opinion No. JM-501

Re: Permissible variances in sig
tures on a petition for a lo
option election under the Alcoho
Beverage Code

Dear Mr. Yeats:

Pursuant to section 251.03 of the Alcoholic Beverage Code, petition was circulated among the qualified voters of Howard Cou for the purpose of determining whether the sale of certain alcoho beverages would be authorized within the county. The petition returned in timely fashion to the registrar of voters of Howard Cou for verification. An undisclosed number of voters' signatures w rejected when there appeared minor variances between the signatu and the names of the voters as they appeared on the official copy the current list of registered voters.

It is under this factual setting that you ask the follow questions:

> 1. Is a signature invalid if it adds or leaves out a middle initial as compared to the official current list of registered voters?
>
> 2. Is a signature invalid if the first name on the petition is shortened or lengthened (Robert-Bob) as compared to the current voter's list?
>
> 3. Is a signature invalid if a middle name on the petition is added or left out as compared to the current voter's list?
>
> 4. Does the registrar have discretion in approving or rejecting the signatures, and if so, would verification in any of the above situations amount to an abuse of that discretion?

As the following paragraphs will explain, we believe the vc registrar acted properly when she rejected the nonconform signatures.

p. 2300

You suggest that the registrar's actions were prompted by section 251.10 of the Alcoholic Beverage Code. This provision instructs the registrar to verify the signatures appearing on a petition calling for a local option election. It sets forth the following requirements:

> (a) The registrar of voters of the county shall check the names of the signers of petitions and the voting precincts in which they reside to determine whether the signers of the petition were qualified voters of the county, justice precincts, or incorporated city or town at the time the petition was issued. The registrar shall certify to the commissioners court the number of qualified voters signing the petition.
>
> (b) No signature may be counted, either by the registrar or commissioners court, where there is reason to believe that:
>
> (1) it is not the actual signature of the purported signer;
>
> (2) the voter registration certificate number is not correct;
>
> (3) the voter registration certificate number is not in the actual handwriting of the signer;
>
> (4) it is a duplication either of a name or of handwriting used in any other signature on the petition;
>
> (5) the residence address of the signer is not correct or is not in the actual handwriting of the signer; or
>
> (6) the name of the voter is not signed exactly as it appears on the official copy of the current list of registered voters for the voting year in which the petition is issued. (Emphasis added).

Alco. Bev. Code §251.10. Your questions assume that with the exception of subsection (b)(6), all other requirements of section 251.10 are met and that no indication of fraud or forgery is present. Because your fourth question necessarily controls the answers to those preceding it, we shall consider this question first.

Your final question concerns the amount of discretion the registrar is granted by section 251.10. It is suggested that the registrar may have the discretion to waive nonconforming signatures appearing on local option election petitions if all other requirements of subsection (b) are met. This suggestion is inspired by the use of the word "may" in subsection (b): "[n]o signature <u>may</u> be counted. . . ." The portion of the Texas Liquor Control Act from which subsection (b) is derived was phrased: "[n]o signature <u>shall</u> be counted. . . ." Penal Code art. 666-32 (repealed 1977). Although the word "may" generally connotes a discretionary function, "no signature may . . ." is clearly mandatory. <u>Ryan v. Montgomery</u>, 240 N.W.2d 236 (Mich. 1976) ("may not" means "shall not"). <u>Matter of Estate of Minnick</u>, 653 S.W.2d 503 (Tex. App. - Amarillo 1983, no writ).

In construing election laws, it is necessary to determine whether the provisions under scrutiny are mandatory or directory in nature. <u>Branaum v. Patrick</u>, 643 S.W.2d 745, 749 (Tex. App. - San Antonio 1982, no writ). In general, election laws are to be construed as directory in the absence of fraud or mandatory provisions. <u>Stotler v. Fetzer</u>, 630 S.W.2d 782 (Tex. App. - Houston [1st Dist.] 1982, writ dism'd); Attorney General Opinion JM-467 (1986). Because the right to vote is fundamental, election law provisions relating to voters are construed as directory. <u>Leach v. Fischer</u>, 669 S.W.2d 844 (Tex. App. - Fort Worth 1984, no writ); <u>Branaum v. Patrick</u>, <u>supra</u>. Irregularities in the election process which do not disenfranchise the voters or affect the result of an election are generally treated as informalities. <u>See Branaum v. Patrick</u>, <u>supra</u>, at 750. Election law provisions concerning candidates and their qualifications are mandatory because the right to hold office is considered a privilege. <u>Leach v. Fischer</u>, <u>supra</u>.

We believe section 251.10 is a mandatory provision. Granted, this section does not deal with the qualifications of a candidate. It does, however, concern whether the election issue, rather than a candidate's name, will be placed on the ballot. In this sense, section 251.10 must be construed as mandatory. <u>Cf. Leach v. Fischer</u>, <u>supra</u>. Moreover, because we believe subsection (b) is clear and unambiguous, it must be enforced according to its express language. <u>Cail v. Service Motors, Inc.</u>, 660 S.W.2d 814, 815 (Tex. 1983).

Subsection (b)(6) of article 251.10 simply and clearly requires the person signing a local option election petition to sign his name "exactly as it appears on the . . . list of registered voters." It does not, in our opinion, authorize any variance between the signature and the corresponding name on the list of registered voters. Nor does it provide an alternative method of verifying signatures. Penal Code article 666-32 was interpreted to grant the commissioners court and county clerk the authority to adopt any necessary and reasonable means to ascertain the number of required signatures and to determine whether the signers of the petition were qualified voters. <u>See Akers v. Remington</u>, 115 S.W.2d 714, 720 (Tex. Civ. App. - Fort Worth 1938,

writ dism'd); Attorney General Opinions H-199 (1974); C-266 (1964); C-263 (1964); WW-1356 (1962); O-7218 (1945); O-6364 (1945). These opinions, however, concerned the performance of duties clearly expressed in the statute. They did not consider the case where the election officials seek to avoid or deviate from the provisions of the statute. We find nothing in the Alcoholic Beverage Code which suggests that the registrar has any discretion to waive the requirements of the Code. Compare Hutson v. Smith, 191 S.W.2d 779, 784-85 (Tex. Civ. App. - Galveston 1945, no writ) (commissioners court has authority to call local option election independent of petition; thus, court's order calling for local option election constituted waiver of defects apparent on face of petition when commissioners had full knowledge of such defects). Consequently, the registrar has no discretion to waive the signature requirement of section 251.10(b)(6), even if all other requirements of subsection (b) are satisfied.

Ordinarily, any mark made with the present intention to adopt or authenticate the document is a legally sufficient signature. See Delespine v. State, 396 S.W.2d 133, 136 (Tex. Crim. App. 1965), cert. denied 384 U.S. 1019 (1966). See also Gov't. Code §§311.005(6), 312.011(14) (definition of "signed" and "signature"). However, given the mandatory character of subsection (b)(6), your first three questions must be answered in the affirmative.

## S U M M A R Y

The provisions of section 251.10, subsection (b) of the Alcoholic Beverage Code are mandatory. The registrar of voters has no authority to waive the signature requirement of section 251.10(b)(6) if all other requirements of subsection (b) are met.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General