**Floyd GRAY, Relator,**

v.

**Estil VANCE, Jr., Chairman, Tarrant County Democratic Executive Committee, and Frank Dawson, Respondents.**

No. 18031.

Court of Civil Appeals of Texas, Fort Worth.

March 30, 1978.

Charles Dickens, Fort Worth, for appellant.

Estil Vance, Jr., pro se.

Frank Dawson, pro se.

## OPINION

HUGHES, Justice.

This is an original proceeding brought to this court in the form of a petition for a writ of mandamus. In it, Floyd Gray, the relator, seeks to compel Estil Vance, Jr., Chairman, Tarrant County Democratic Executive Committee, to omit and delete the name of Frank Dawson as a candidate for the office of Justice of the Peace, Precinct 3, Place 2, Tarrant County, Texas, on the official ballot for the Democratic Primary on May 6, 1978.

Dawson filed application for nomination to such office with Vance on February 6, 1978, by submitting signature petitions in lieu of filing fee as per Article 13.08(d), Texas Election Code.

It is undisputed that: there were 168 names on the petitions; 132 names were required for this precinct; four of the signatures did not show signer's current voter registration number; 61 did not show signer's home city; three did not show signer's street address.

The only issue before us is whether the petitions are sufficient on their face under Article 13.08(d), Texas Election Code, which reads:

"The petition must show the following information with respect to each signer: His address (including his street address if residing in a city, and his rural route address if not residing in a city), his current voter registration certificate number . . . and the date of signing."

Compliance with such "must" in Article 13.08(d) has been held to be mandatory. *Geiger v. DeBusk*, 534 S.W.2d 437 (Tex. Civ.App.—Dallas 1976, no writ); *Brown v. Walker*, 377 S.W.2d 630 (Tex.1964). We hold that street addresses, current voter registration numbers and home city addresses are mandatory like filing fees paid with a check that would be paid in due course. *Bryant v. Dallas County Democratic Executive Com.*, 451 S.W.2d 803 (Tex.Civ. App.—Dallas 1970, no writ).

The statutory purpose in requiring each signatory on a petition to list his full address and voter registration number is to allow verification if desired. Obviously verification could not be accomplished without the information mandated by the statute. The "critical time" by which such is to be shown is most certainly the "deadline" for filing the petition which, in this instance, happened to be thirty-five minutes before such deadline. Any attempt to correct the deficiencies was ineffective thereafter.

Petitioner in this original proceeding is entitled to the relief he desires—to have the name of Respondent, Dawson, removed from the official ballot for the Democratic

Primary on May 6, 1978. Respondent Vance has represented that if such should be the decision of the court he would abide such without formal service of the writ.

It is accordingly ordered that a writ of mandamus issue ordering Estil Vance, Jr., Chairman, Tarrant County Democratic Executive Committee, to omit and delete the name of Frank Dawson from the ballot of the Democratic Primary to be held May 6, 1978, only in the event he has not promptly done so after publication of this opinion.