Alfred G. "Al" LEAL, Relator,

v.

Russ MATHER, Chairman of the Harris County Republican Executive Committee, Respondent.

No. C14–86–138–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 19, 1986.

Concurring Opinion March 20, 1986.

Linda Wells, John Whitmire, John Odam, Houston, for appellant.

Michael J. Wood, George H. Godwin, Houston, for appellee.

Before JUNELL, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

The opinion of this court dated March 13, 1986 is withdrawn and the following is substituted therefor.

We granted leave to file petition for writ of mandamus to determine whether the application of Joe Powell, a candidate for Judge, County Criminal Court at Law No. 9, Harris County, Texas, met the requirements of the Texas Election Code.

Relator presently occupies the position of judge of the court in question. Joe Powell, the real party in interest, made application to be placed on the Republican Party primary ballot for said court. His application was accompanied by the filing fee as required by the Texas Election Code, Section 172.024, and a petition purportedly containing the signatures of 260 voters eligible to vote in the election for the position sought. The Election Code, Section 172.024(c–1), requires such petition to contain signatures of at least 250 eligible voters.[1]

Leal challenges the sufficiency of Powell's petition, claiming it has only 247 valid signatures instead of the requisite 250. Specifically, he challenges the validity of thirteen signatures contending:

(1) one person signed three times;

(2) three persons signed twice;

(3) one person's voter registration number was incorrect in that it contained one extra digit;

(4) four persons' signatures were invalid because "the signer's residence address" omitted, abbreviated or misstated the name of the city; and

(5) three persons' signatures were invalid because "the date of signing" was incomplete.

Respondent agrees that relator's challenge to those persons signing more than one time is valid. When those five signatures are stricken, 255 signatures remain on Powell's petition. Thus, if all or a sufficient number of relator's remaining challenges to the signatures are sustained to decrease the number below 250, it is clear that Powell has not complied with the Election Code and the mandamus would rightly issue.

---

1. Section 1 of Acts 1985, 69th Leg., p. 7281, ch. 979, purports to amend Election Code, art. 13.-08, in part, by amending subd. (c) thereof [now, in part, this section] and by adding a subd. (c–1) thereto without reference to the repeal of said article by Acts 1985, 69th Leg., p. 1748, ch. 211 § 9(1).

Government Code, § 311.031(c), provides, in part, that the repeal of a statute by a code does not affect an amendment of the statute by the same legislature which enacted the code and that the amendment is preserved and given effect as part of the code provision.

Relator has not challenged 247 of the signers to Powell's petition. Therefore, in our determination on the validity of the remaining eight challenges, if we overrule a sufficient number to bring the total to 250, Powell's petition complies with the Election Code and the mandamus would not issue.

Section 141.063 of the Election Code holds a signature valid if the petition includes the following information on each signer:

(A) the signer's residence address;

(B) the signer's voter registration number and, if the territory from which signatures must be obtained is situated in more than one county, the county of registration;

(C) the date of signing; and

(D) the signer's printed name; ....

We address first the challenge to the three signatures relator contends are invalid because "the date of signing" was incomplete. The facts are not in dispute. Powell's petition consisted of thirty-six pages of the form prescribed by the Secretary of State. The form provided a space for eight signatures and the information called for by Section 141.063. One of the blanks on the form called for the "Date Signed." Signer Bauer wrote "1/22/6"; Cooke wrote "1/22", and Pellerin wrote "1–22".

Relator argues that in view of the requirement that candidates strictly comply with the statutory requirements of election statutes, the omission of the year invalidates those three signatures. While acknowledging he has been unable to find any Texas cases on the issue, he points to the definition of "date" in Black's Law Dictionary, 5th Edition, 1979, as "the specification or mention, in a written instrument, of the time (day, month and year) when it was made."

In addressing relator's contention, additional facts need be set out. Each of the three complained-of signatures appears on separate pages—Bauer on page 2, Cooke on page 10 and Pellerin on page 14. Each of those pages contain the signature of seven other signers, along with the complete date "1/22/86" or "1–22–86." Each of the pages contained the affidavit of the person circulating the petition which, among other recitations, stated that the affiant had read the following statement to each signer:

I know that the purpose of this petition is to entitle Joe Powell to have his name placed on the ballot for office of Judge of County Criminal Court at Law No. 9 of Harris County, Texas, for the Republican primary election. I understand that by signing this petition I become ineligible to vote in a primary election or participate in a convention of another party, including a party not holding a primary election during the voting year in which this primary election is held.

Further in accordance with Section 141.064 which mandates that the person circulating the petition must "ascertain that each date of signing is correct", the affiant swore, in each instance, "[t]he correct date of signing is shown on the petition." The jurat to each of the three affidavits of the person circulating the petition shows to have been executed either "1–22–86" or "Jan. 22, 1986."

Finally, we point out that the provision of the Election Code which requires the petitions in controversy was enacted in May 1985 by the 69th Legislature and became effective January 1, 1986. The petition form shows on its face that it was prescribed by the Secretary of State in accordance with the Sections 141.063 and 172.024 of the Election Code "1/86."

Under all of these circumstances the insertion of "1/22/6" or "1/22" or "1–22" cannot mean anything other than January 22, 1986. To hold otherwise we would be required to totally close our eyes to reality. Accordingly, we overrule relator's challenge to the three signatures on the basis that the date was not given.

Having overruled these challenges, we hold Powell has at least 250 valid signatures on his petition; therefore, we need not examine the validity of those signa-

tures challenged because of other claimed deficiencies.

Writ of mandamus is denied.

ELLIS, J., files a concurring opinion.

ELLIS, Justice, concurring.

I concur with the majority in the result they reached denying relator's writ of mandamus, but for different reasons.

The Texas Election Code, Section 172.-024(c–1) provides that a candidate for an office, (e.g., the office that the real party in interest, Joe Powell, is seeking) must accompany his application for a place on the ballot with the prescribed filing fee and with a petition containing the *signatures of at least 250 voters eligible to vote for the office sought.*

Section 141.063 of the Election Code states:

A signature on a petition is valid if:

(1) except as otherwise provided by this code, the signer, at the time of signing, is a registered voter of the territory from which the office sought is elected or has been issued a registration certificate for a registration that will become effective in that territory on or before the date of the applicable election;

(2) the petition includes the following information with respect to each signer:

(A) the signer's residence address;

(B) the signer's voter registration number and, if the territory from which signatures must be obtained is situated in more than one county, the county of registration;

(C) the date of signing; and

(D) the signer's printed name;

(3) the part of the petition in which the signature appears contains the affidavit required by Section 141.065;

(4) each statement that is required by this code to appear on each page of the petition appears, at the time of signing, on the page on which the signature is entered; and

(5) any other applicable requirements prescribed by this code for a signature's validity are complied with.

I would hold Section 141.063(2) of the Texas Election Code unconstitutional because it violates the due process clauses of both Article 1, Sec. 19 of the Texas Constitution and the 14th Amendment of the United States Constitution in that it is vague and indefinite. A statute is void for vagueness if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application. *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

A signature of an eligible voter is a signature of a person whose name is on file, as being a registered voter, with the county clerk's office of the county of his residence. In the instant case, Powell was required to accompany his application for a place on the ballot with a petition containing the signatures of at least 250 voters eligible to vote for the office sought, which in this case would be Harris County, Texas.

Powell submitted 260 names with his application purporting to be eligible voters to vote in the election for the position sought. Leal challenges Powell's petition, claiming it has only 247 valid signatures, instead of the required 250. Leal challenges the validity of thirteen signatures contending:

(1) one person signed three times;

(2) three persons signed twice;

(3) one person's voter registration number was incorrect in that it contained one extra digit;

(4) four persons' signatures were invalid because "the signer's residence address" omitted, abbreviated or misstated the name of the city; and

(5) three persons' signatures were invalid because "the date of signing" was incomplete.

Respondent agrees that relator's challenge to those persons signing more than one time is valid. When those five signatures are stricken, 255 signatures remain on Powell's petition.

Section 172.024(c–1) of the Texas Election Code required Powell to submit with

his application signatures of at least 250 voters eligible to vote in Harris County, Texas.

I find that section 141.063(2) of the Texas Election Code is void. I do not agree that including the signer's residence address, voter registration number, date of signing and signer's printed name would make an eligible voter's signature any more valid than it would be without this information.

I believe that the information required to be included in the petition by section 141.-063(2) is only for verification purposes. I would hold that if there is sufficient information given in the petition to enable verification of the actual signature at the County Clerk's office, that the signer is a voter eligible to vote for the office sought, than that signature is valid.

I find that Powell had sufficient information attached to each of the 255 signatures to enable verification that the signer was or was not an eligible voter in Harris County, Texas.

I would deny the writ of mandamus.