James Gary JONES, Relator,

v.

Honorable Russ MATHER, Chairman of the Harris County Republican Executive Committee, Respondent.

No. B14–86–185–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 1986.

James Gary Jones, pro se.

M. James Kennedy, Houston, for relator.

Michael J. Wood, Houston, for respondent.

Mark D. Davidson, Jack C. Ogg, Houston, for intervenor Lindon Williams.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

ORIGINAL PROCEEDING IN MANDAMUS

PAUL PRESSLER, Justice.

Relator asks this court to order him placed on the ballot notwithstanding the fact that his application was filed late.

According to V.A.T.S. Election Code, Acts 1985, 69th Legislature § 172.-054(a)(2)(3), the filing deadline for being placed on the ballot was automatically extended because the Republican candidate for Justice of the Peace, Precinct 3 Place 2 of Harris County withdrew on February 26, 1986, after the regular filing deadline and before the 65th day before general primary election day and at the time of withdrawal, no other candidate had made application for the office sought by the candidate who withdrew.

Respondent was under a duty to prepare a notice of the extended filing deadline and deliver it to a daily newspaper in the county. See V.A.T.S. Election Code, Acts 1985 69th Legislature § 172.055. Respondent failed to prepare such notice.

After the deadline was extended, relator had until 6:00 p.m. on March 4 to file an application to be put on the ballot. See V.A.T.S. Election Code, Acts 1985 69th Legislature § 172.054(b). He did not become aware of the vacancy until the evening of March 4 and was not able to actually file until March 5. He contends that respondent's failure to prepare and deliver the notice caused his filing to be late, and, therefore, we should order an extension of the filing deadline to place his name on the ballot.

While this court has mandamus jurisdiction in regard to the Election Code, we cannot compel an action not allowed by the Code. See V.A.T.S. Election Code, Acts 1985 69th Legislature § 273.061. The Code does not provide the remedy which relator requests. Therefore, mandamus under these circumstances is inappropriate.

We acknowledge relator's citing of *Painter v. Shaner,* 667 S.W.2d 123 (Tex.

1984). In *Painter*, however, the relator presented himself on the last day for filing, at the correct place, with all the essential documents. He was not able to file on time because the only person authorized to receive his application was out of the county. The court held that relator's application was "deemed filed" because he had performed all acts required of him. The court compelled the respondent to put relator on the ballot. In the present case relator was not ready and able to file the proper documents at the proper time and place. Therefore, we cannot deem his application filed.

■ Statutory requirements concerning candidacy for political office are mandatory. We must strictly construe the filing deadline to ensure compliance. *See Wallace v. Howell and Strake Howell v. Wallace*, 707 S.W.2d 876 (Tex.1986). The petition for writ of mandamus is denied.