Miron A. LOVE, Relator,

v.

Larry VESELKA, Chair, Harris County Democratic Executive Committee, Respondent.

No. 01–88–00008–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 7, 1988.

James Stafford, Houston, for relator.

Raymond Lamar Fisher, Houston, for respondent.

Before EVANS, C.J., and WARREN and DUGGAN, JJ.

OPINION

PER CURIAM.

The relator, the Honorable Miron A. Love, Judge of the 177th Judicial District Court of Harris County, Texas, asks this Court to order the Harris County Democratic Executive Committee to refrain from placing the name of an election opponent, Raymond Lamar Fisher, on the ballot for the March 8, 1988 Democratic Primary Election as a candidate for the office of Judge of the 177th Judicial District Court.

The jurisdiction of this Court has been invoked pursuant to Tex.Elec.Code Ann. sec. 273.061 (Vernon 1986).

In relator's single ground for the requested relief, he contends that 638 of the 650 persons signing Fisher's application for a place on the ballot did not designate the State of Texas as the signer's "residence address," and therefore that those petitions failed to meet the mandatory requirements of the Texas Election Code, sections 141.-063 and 141.062(a)(2).

In construing the provisions of the Texas Election Code, this Court is now governed by the Code Construction Act. Tex.Elec. Code Ann. sec. 1.003(a) (Vernon Supp.1988). The Code Construction Act, Tex.Gov't.Code Ann. sec. 311.021(3) (Vernon Pamph.1988), entitled "Intention in Enactment of Statutes," provides, among other things, that in enacting a statute, it is presumed that a "just and reasonable result is intended."

As the relator points out in his petition, section 141.063 of the Texas Election Code states that the "Petitions for Judicial Office on Primary Ballot" filed in support of a candidate's application must contain "the signer's residence address." Section 1.005(17) of the Election Code defines the term "residence address" as

the street address and any apartment number, or the address at which mail is received if the residence has no address, and the city, *state*, and zip code that correspond to a person's residence. (Emphasis added.)

The relator has attached to his petition for mandamus, a copy of the application

filed by his opponent, Raymond Fisher, with the attached petitions in question. These petitions, entitled "Petition for Judicial Office on Primary Ballot," are on a form prescribed by the Secretary of State for elections to judicial office under the Texas Election Code. The face of each petition has separate blocks for eight petition signers, and each of these blocks contains a separate line on which the petition signer is to fill in the following information: (1) signature; (2) printed name; (3) street address or route number (4) city; (5) zip code; (6) date signed; (7) county; and (8) voter registration number.

It is notable that nowhere on the face of the petition is there a line or blank space designating that the petition signer should insert the word "Texas" as a required item of information. Indeed, the inclusion of the word "Texas" would seem to be superfluous, in view of the requirement that the petition signer must designate a valid Texas voter registration number.

As we read the applicable provisions of the Texas Election Code, the clear purpose of the statute is to provide a verifiable address and a voter registration status for each petition signer. *See Pierce v. Peters*, 599 S.W.2d 849, 850 (Tex.Civ.App.—San Antonio 1980, orig. proceeding).

We conclude that the petitions in question do contain all the essential information from which the petition signer's residence address may be ascertained, even though these petitions do not expressly provide that "Texas" is the state of the signing person's residence. *See Hoot v. Brewer*, 640 S.W.2d 758 (Tex.App.—Houston [1st Dist.] 1982, orig. proceeding) (decided prior to enactment of Code Construction Act).

It would be contrary to the statutory presumption that the legislature intended a just and reasonable result to require that the petition signer designate Texas as the state of his or her residence, where that information is not specifically required to be shown on the Secretary of State's prescribed petition form, and where the petition contains the signer's street address, city, county, zip code, and voter registration number.

The relator's motion for leave to file petition for writ of mandamus is overruled.