**Murry B. COHEN, Relator,**

v.

**George STRAKE, Chairman, Texas Republican Executive Committee, Respondent.**

No. B–14–88–011–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 8, 1988.

W. Troy McKinney, Stanley Schneider, Houston, for relator.

Leonard Davis, Tyler, for respondent.

Before PAUL PRESSLER, MURPHY, and ELLIS, JJ.

## OPINION

PER CURIAM.

In an original proceeding the Honorable Murry B. Cohen, Justice of the Court of Appeals for the First District of Texas, asks that the respondent be ordered to reject the application and petition of James Scott for a place on the general primary election ballot for Place 4 of that court. We deny the motion for leave to file the petition for writ of mandamus.

Relator asserts that Scott's application and petitions are defective. The basis for this allegation is:

(1) less than the required number signatories of Scott's petitions designated "Texas" as their state of residence, and

(2) Scott has grouped many petitions under only a few notarized affidavits (rather than attaching one affidavit to each petition).

Relator's first argument is based on TEX. ELEC.CODE §§ 141.063(2)(A), 1.005(17). The former statute provides as follows:

§ 141.063. Validity of Signature

A signature on a petition is valid if:

\*　　\*　　\*　　\*　　\*　　\*

(2) the petition includes the following information with respect to each signer:

(A) the signer's residence address;

(B) the signer's voter registration number and, if the territory from which signatures must be obtained is situated in more than one county, the county of registration;

(C) the date of signing; and

(D) the signer's printed name;

\*　　\*　　\*　　\*　　\*　　\*

The latter definition reads:

(17) "Residence address" means the street address and any apartment number, or the address at which mail is received if the residence has no address, and the city, *state*, and zip code that correspond to a person's residence. (Emphasis added).

It is argued that a signature is invalid if it omits "Texas" as the state of residence. Scott's petitions contain only thirteen signatures which meet such a standard, far below the required number.

This court has held that omission of the year from a date on a petition does not render the signature invalid. *Leal v. Mather*, 709 S.W.2d 269 (1986, orig. proceeding). Even less ambiguity is involved in the omission of the state of residence when the signatory has included the information contained here. By the designation of the city, county and zip code the state is conclusively established.

Furthermore, the Supreme Court has rejected an analogous argument in *Wallace v. Howell*, 707 S.W.2d 876 (1986, orig. proceeding). There the relator contended that another candidate improperly filed for the office of "Justice, Supreme Court" rather than "Justice, Supreme Court *of Texas.*" *Id.* at 878.

Finally, relator's first argument has been expressly rejected by another appellate court. *Love v. Veselka*, No. 01–88–00008–CV (Tex.App.—Houston [1st Dist.], Jan. 7, 1988, orig. proceeding) (not yet reported). Our sister court correctly looked to the Code Construction Act for the principle that the legislature in-

tends a just and reasonable result in enacting a statute. *See* TEX.GOV'T CODE § 311.002(3); TEX.ELEC.CODE § 1.003(a) (invoking the Code Construction Act). This conclusion is bolstered by the settled rule that the "statutory purpose in requiring each signatory on a petition to list his full address and voter registration number is to allow verification if desired." *Gray v. Vance,* 567 S.W.2d 16, 17 (Tex.Civ.App.—Fort Worth 1978, orig. proceeding). The court in *Gray* held that omission of the city or street address is a fatal defect. *See also Hoot v. Brewer,* 640 S.W.2d 758 (Tex. App.—Houston [1st Dist.] 1982, orig. proceeding). Relator has cited no case holding that omission of the designation of Texas as the state of residence is fatal.

■ The second attack upon Scott's application focuses on Scott's having only a few affidavits attached to multiple pages of petitions. Relator points out the requirements of TEX.ELEC.CODE § 141.065(a): "[e]ach part of a petition must include an affidavit...." Relator reads the statute as requiring each petition to have an affidavit on its face.

Here Scott personally gathered all the signatures. He collected them and personally vouched for them by signing the forms in the appropriate spaces. He did so by signing an affidavit at the beginning and at the end of each collection of petitions. This procedure fully complied with the printed instructions on the back of the petitions:

> The petition may consist of several parts, and each part may consist of several pages. The statement in the box at the head of the page must appear at the head of each page of signatures.

Moreover, Scott has tendered to us an affidavit affirming his personal verification of the signing procedures.

The statute is mandatory: each petition *must* be coupled with a proper affidavit. Scott has complied with the statute.

Relator's motion for leave to file is denied.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the other members of the panel, I would like to record my respectful dissent.

I agree with Relator Murry B. Cohen's first contention that James Scott's petitions do not comply with TEX.ELEC.CODE ANN. § 141.062(a)(2) (Vernon 1986), which requires valid signatures in the number specified by the Code for a petition to be lawful. Section 141.063(2)(A) provides that a signature on a petition is valid if it includes the signer's residence address. It is well established that the requirements of section 141.063 are mandatory and that a candidate must be in strict compliance with the Code. *Gray v. Vance,* 567 S.W.2d 16 (Tex.Civ.App.—Fort Worth 1978, no writ) (orig. proceeding). Residence address is defined by section 1.005(17) of the Election Code as:

> the street address and any apartment number ... and the city, *state,* and zip code that correspond to a person's residence. (emphasis added).

Accordingly, to be valid, the signatures on Scott's petitions must contain the street address, the city, *the state,* and the zip code. Exclusion of any of this information renders the signature invalid, because it does not strictly comply with the statutory requirements.

In the instant case only thirteen of Scott's signatures contain the *state* of residence. Therefore, Scott has only thirteen valid signatures, which is far below the number required. It is Respondent's duty to refuse to accept Scott's application and petitions because they do not contain the minimum number of valid signatures. Because Respondent has failed to follow his statutory duties, I would order that he do so immediately.

It is well established that the requirements of the Election Code must be strictly construed and followed. In *Jones v. Mather,* 709 S.W.2d 299, 300 (Tex.App.—Houston [14th Dist.] 1986, no writ) (orig. proceeding), this court stated "[w]e must strictly construe the filing deadline to ensure compliance." Similarly, in *Wallace v. Howell,* 707 S.W.2d 876, 877 (Tex.1986), the court made it clear, over a strong dissent, that election statutes would be strictly con-

strued and enforced. In *Gray*, 567 S.W.2d at 17, the court held that the specific requirements at issue in this case were mandatory, and required strict compliance.

Accordingly, in the instant case, the requirements must be strictly construed and enforced by Respondent. His failure to do so requires that he be ORDERED to comply with his statutory duties.

I would grant leave to Relator to file his petition for writ of mandamus and grant his writ.