Ross A. SEARS, Relator,

v.

George STRAKE, Chairman, Texas Republican Executive Committee, Respondent.

No. 01–88–00011–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 11, 1988.

Van E. McFarland, James D. Pierce, Van McFarland & Assoc., Robin v. Holland, Jr., Orsburn & Holland, Houston, for relator.

Terrell William Proctor, Houston, for respondent.

Before WARREN, JACK SMITH and HOYT, JJ.

OPINION

PER CURIAM.

The relator, the Honorable Ross A. Sears, Justice of the Court of Appeals for the Fourteenth District of Texas, asks that the respondent be ordered to reject the application and petition of Terrell William (Terry) Proctor for a place on the general primary election ballot for Place 2 of that court.

The jurisdiction of this Court has been invoked pursuant to Tex.Elec.Code Ann. sec. 273.061 (Vernon 1986).

Relator argues that Proctor's petitions are defective in three respects:

1. the petitions, as signed by prospective voters, do not state the office sought and the state of residence;

2. the petitions do not contain 250 valid signatures;

3. the candidate's name on the application does not match the candidate's name on the petitions.

■ Relator first contends that the petitions do not contain the office sought and the state of residence. We have recently rejected the state of residence argument in *Love v. Veselka,* 764 S.W.2d 564 (Tex.App. —Houston [1st Dist.], 1988); *see also Cohen v. Strake,* 743 S.W.2d 366 (Tex.App.— Houston [14th Dist.] 1988). Tex.Elec.Code Ann. sec. 141.031 (Vernon Supp.1988) provides that a candidate's application for a place on the ballot must contain "the office sought, including any place number or other distinguishing number." Relator limits

his argument to the statement that "Proctor's application[1] is insufficient on its face." The relevant portion of the petition is reproduced below:

"I know that the purpose of this petition is to entitle __TERRY PROCTOR__ ' to have his name placed on the ballot for the office of __JUSTICE__ ' for the __REPUBLICAN PARTY__ ' primary election. I understand that by signing this petition I become ineligible to vote in a primary election or participate in a convention of another party, including a party not holding a primary election, during the voting year in which this primary election is held." ("Yo sé que el propósito de esta petición es autorizar que el nombre de __TERRY PROCTOR__ ' aparezca en la boleta para el puesto oficial de __JUES__ ' para la elección primaria del Partido __REPUBLICA__ '. Yo entiendo que al firmar esta petición no estoy elegible para votar en la elección primaria ni para participar en la convención de algún otro partido político, incluyendo un partido político que no esté celebrando una elección primaria, durante el año electoral en que se lleve a cabo esta elección primaria.")

**COURT OF APPEALS -- 14th DISTRICT, PLACE 2

Although the office sought is identified as "JUSTICE" in the prescribed space, the office is further identified as "COURT OF APPEALS—14th DISTRICT, PLACE 2." The petition contains the office sought and place number.

■ Relator next contends that the petitions do not contain enough valid signatures to entitle Proctor to remain on the ballot. Relator specifically asserts that "printed name of the signer" does not match the "signed name." Relator argues that "in excess" of 82 signatures are defective but does not identify which signatures are defective. Our examination of the petitions have found instances, for example, of where the signed name is "D.R. Thomas" and the printed name is "Dillard R. Thomas." Relator does not explain why this would make the signature defective, nor does relator cite any cases to support his argument. Nor does relator explain why "signature" and "signer's printed name" cannot be different, as in the case of "D.R. Thomas" and "Dillard R. Thomas."

■ Relator also argues that the petitions do not contain the proper name of the candidate. Relator asserts that the candidate's name on the application does not match the candidate's name on the petition. The petition states that its purpose is "to entitle TERRY PROCTOR" to have his name placed on the ballot. The application states that the full name of the candidate is "TERRELL WILLIAM PROCTOR" and that the name appearing on the ballot will be "TERRY PROCTOR." The name on the application matches that on the petition.

1. The application itself identifies the office sought and place number as "Justice, Court of

The motion for leave to file a petition for writ of mandamus is OVERRULED.

Appeals for the 14th Supreme Judicial District, Pl #2".