Jimmy VINSON, Gladys Stout, J.M. Kelsoe, and Judy Dane Appellants,

v.

Vic BURGESS, Sandy Jacobs, Lee Walker, Ruth Tansey, and Don Hill Appellees.

No. 2-87-069-CV.

Court of Appeals of Texas, Fort Worth.

Sept. 7, 1989.

---

**510**

Larson & Trantham, and William E. Trantham, Dallas, for appellants.

Law Offices of Earl Luna, P.C., and Earl Luna and Mary Milford, Dallas, for appellees.

Before WEAVER, C.J., and HILL and KELTNER, JJ.

## OPINION ON REMAND

HILL, Justice.

Jimmy Vinson, Gladys Stout, J.M. Kelsoe, and Judy Dane appeal from the trial court's denial of their original petition of mandamus in which they sought an order for the Denton County Commissioners Court to certify the sufficiency of petitions calling for a tax roll-back election and, alternatively, that the trial court order a roll-back election not less than 30 days nor more than 90 days after January 11, 1987.

We originally reversed this cause, sustaining all four of the appellants' points of error, but subsequently granted appellee's motion for rehearing, holding that the provisions in the tax code with respect to tax roll-back elections for counties were in conflict with provisions of the Texas Constitution. *Vinson v. Burgess*, 755 S.W.2d 481 (Tex.App.—Fort Worth 1988), *rev'd*, 773 S.W.2d 263 (1989). The Texas Supreme Court granted writ of error and reversed the judgment of this court, holding that those provisions were not unconstitutional. *Vinson*, 773 S.W.2d 263. They have remanded the cause to this court for our consideration of appellants' four points of error.

In four points of error, appellants contend that the trial court erred in denying the writ of mandamus. Although stated in various ways and in terms of different theories, the chief complaint raised by appellants is that the method used by the County Clerk in aiding the Commissioners Court to determine the validity of the petitions was not a reasonable method, thereby causing qualified voters to be improperly not counted as valid signers of the petition.

■ We reverse and conditionally grant a writ of mandamus for the Commissioners Court of Denton County to redetermine the validity of the petitions by using a fair and reasonable method to determine validity and to call an election if they determine that the petitions are valid. We find the method used by the Commissioners Court to determine the validity of the petitions was an abuse of its discretion since it was neither a fair nor reasonable method.

In all four points of error, the appellants complain of the method by which the Commissioners determined the validity of petitions which had been circulated and presented to the County Commissioners Court. These petitions called for a tax roll-back election in Denton County, following a tax increase of sufficient size to trigger the provisions of section 26.07 of the Texas Tax Code. *See* TEX.TAX CODE ANN. sec. 26.07 (Vernon 1982).

The testimony at trial of the Denton County Clerk and others revealed that only one criteria was used in validating the signatures on the petitions presented. The clerk and her workers entered into her computer the name as signed on the petition and compared it to the names on the voter registration list. If the name did not appear on the voter registration list exactly as entered, the signature was not counted as that of a qualified voter. No effort was made to compare the other information on the petition, such as the person's name as printed by the individual, his voter registration number, and his address. For example, an individual whose printed name, address, and voter registration number all corresponded exactly to an individual on the voter registration list, but whose signature contained any minor variation from the voter list, would not have been counted as being a qualified voter, even though under such circumstances the individual would reasonably appear to be a qualified voter.

■ A writ of mandamus lies to enforce a ministerial act or duty, or to require the exercise of discretion. *Womack v. Berry,* 291 S.W.2d 677 (Tex.1956). Generally, a mandamus will not issue to control the action of an inferior court or public officer in a matter involving discretion, but the writ may issue in a proper case to correct a clear abuse of discretion. *Crane v. Tunks,* 328 S.W.2d 434 (Tex.1959).

■ The determination by a governing body of the sufficiency of a petition to hold an election is generally a discretionary function which may not be the subject of mandamus. *Boynton v. Brown,* 164 S.W. 893, 895 (Tex.Civ.App.—San Antonio 1914, writ ref'd). However, the action of the Commissioners Court must be based on reason and fairness, and not be compelled by fraud, caprice, or unfairness. *Id.*

The method employed here to determine the validity of the petitions was neither fair nor reasonable. Rather than employ a reasonable system to compare the information on the petitions, which in most cases included the printed name, signature, voter registration number, and address, with the voter registration information on file so as to make a reasonable determination as to whether the individual was a qualified voter, the clerk and her employees, apparently on the advice of counsel, merely checked to see if the signer technically signed his or her name exactly as the name appeared on the voter registration list. Section 26.07 of the Texas Tax Code does not require that the qualified voter who signs such a petition sign his or her name exactly as the name appears on the voter registration list. The Denton County Commissioners Court, by considering only the technical signing of the petition rather than making a reasonable determination based upon all of the information contained on the petition, effectively imposed such a requirement.

The Commissioners argue that because all of the information contained on these petitions is not required to be on the petitions, the method used to verify voters was reasonable, since in some cases the voter's name might be the only information provided on such a petition. Their argument might be valid if we had such petitions before us. The petitions in this case contained sufficient information to make such a procedure unreasonable, however, since it eliminated many who could have been determined to be qualified voters by even a cursory comparison of the petitions to the voter registration rolls.

The trial court in its judgment found that the Denton County Commissioners Court acted in accordance with the law and followed the requirements of section 26.07 of the Texas Tax Code in determining that there were insufficient valid signatures on the petition to call an election, and denied relief to the appellants. We do not agree

with the trial court's determination that the Commissioners Court acted in accordance with the law, since the law requires that it carry out its duty to determine the validity of the petitions by means of a fair and reasonable method. We have determined that the method used was not fair or reasonable. Although each point of error presented by the appellants may contain arguments with which we do not necessarily agree, we find that as a group they sufficiently address this error on the part of the trial court. Accordingly, we sustain all four of appellants' points of error.

■ The Denton County Commissioners Court contends that the issue is now moot, since appellants asked the trial court to order an election early in 1987 and the time has now passed. They rely on cases in which petitioners requested certain matters to be placed or not placed on the ballot at a specific election and the absentee voting in the election had already commenced. *See e.g., Skelton v. Yates*, 131 Tex. 620, 119 S.W.2d 91 (1938); and *Pt. Isabel/S. Padre Is., Etc. v. S. Padre Is.*, 669 S.W.2d 177 (Tex.App.—Corpus Christi 1984, no writ). We note that the request that the trial court order an election for a specific time in 1987 was only an alternative request of appellants. We interpret the other alternative as a request for an order that the Commissioners properly certify the validity of the petitions. The election times set forth in section 26.07(d) of the Texas Tax Code run from the date of the last day the governing body could have acted to approve or disapprove the petitions, a date which in turn runs from the date of the submission of the petition. TEX.TAX CODE ANN. sec. 26.07(d) (Vernon Supp. 1988). The intention of this section is that there should be an election if a petition with the proper number of voters is presented to the governing body. If there are a sufficient number of qualified voters

on the petition presented, it would be inconsistent with the section's intention to deny such an election due to the error described on the part of the Commissioners Court. We find it to be consistent with the intention of section 26.07 for these times to run from the date that the petitions are resubmitted to the Commissioners Court for a proper determination of their validity.

We reverse and render judgment that appellees, Vic Burgess, the County Judge of Denton County, and the individual County Commissioners of Denton County, are to reconsider the validity of the petitions in question, employing a fair and reasonable method reasonably calculated to determine whether the individuals signing the petition are qualified voters of Denton County as set forth in section 26.07 of the Texas Tax Code, which method shall, at a minimum, for each signature reviewed, consist of a comparison between all of the information on the petition and the comparable information in the voter registration records of Denton County. The appellees are also, within 20 days of the date of this court's mandate, to pass a resolution stating their finding as to the validity of the petitions. In addition, if the petitions are found to be valid, or if the appellees make no such finding within 20 days of this court's mandate, the appellees shall order an election as provided by section 26.07 of the Texas Tax Code, the election to be held no less than 50 days nor more than 110 days from the date of this court's mandate. A writ of mandamus ordering the appellees to take these actions will issue only if they should refuse to do so voluntarily.