Shirley REESE, et al., Appellants,

v.

The COMMISSIONERS' COURT OF CHEROKEE COUNTY, Texas, Appellee.

No. 12–92–00310–CV.

Court of Appeals of Texas, Tyler.

Aug. 26, 1993.

John S. Ament, Eldridge Moak, Jacksonville, for appellants.

Steven R. Guy, Forrest Phifer, Rusk, for appellee.

BILL BASS, Justice.

This is an appeal from the denial of Appellants' writ of mandamus which sought to compel the Cherokee County Commissioners' Court to hold an election on the adoption of the optional county road system. *See* TEX. REV.CIV.STAT.ANN. art. 6702–1, § 3.201 (Vernon Supp.1993) (hereinafter "County Road and Bridge Act"). The trial court held that the petition was properly rejected by the Commissioners' Court because of the failure of 575 petition signers to include their zip codes along with their residence addresses. We will reverse the trial court's judgment.

The County Road and Bridge Act allows qualified voters of a county to petition their county commissioners to hold an election for the purpose of deciding whether to adopt an optional county road system for the construction and maintenance of county roads and bridges. The Act states, in pertinent part:

> [t]he commissioners court shall submit the question to the qualified voters of the county at a general or special election if it receives a petition of the qualified voters of the county in a number equal to 10 percent of the number voting for governor at the last preceding general election in the county.

TEX.REV.CIV.STAT.ANN. art. 6702–1, § 3.201(b) (Vernon Supp.1993). Pursuant to the Act, a petition containing 1,217 total signatures was submitted to the Cherokee County Commissioners' Court. The commissioners delegat-

ed to the Voter Registrar the job of certifying and verifying the signatures. Of the total signatures submitted, only 457 were found to be valid, falling short of the required 924 signatures by 467. A total of 575 signatures were ruled invalid because the signers did not include their zip codes on the petition. Therefore, the petition would have contained more than the minimum number of signatures to require the commissioners to hold an election if those 575 signatures had not been ruled invalid. The commissioners, based on the Voter Registrar's conclusions, rejected the petition.

The Appellants brought an original writ of mandamus proceeding in the District Court of Cherokee County seeking to compel the county commissioners to place the proposition on the next election ballot. The parties stipulated to all facts and posed only one question to the court: whether the absence of the zip code will invalidate the petition's corresponding signature. The court concluded that the

> Petition ... was invalid because 575 of the signatures upon said Petition were invalid because the signatories failed to include the zip code in the address of the qualified voter.... The failure to include the zip code in the address of a signatory to a petition seeking to place a proposition upon a ballot invalidates the signature of the otherwise qualified voter.

Consequently, the district court denied the Appellant's writ of mandamus action. The Appellants' appeal is limited to the argument that the trial court erred in denying the writ of mandamus because the absence of the zip code should not invalidate an otherwise valid signature.

■ Before a writ of mandamus will issue, the Relator must have a clear legal right to performance of the act he seeks to compel; further, the duty of the officer sought to be compelled must be one clearly fixed and required by the law, or the writ will not issue. *Oney v. Ammerman,* 458 S.W.2d 54 (Tex.1970). A writ of mandamus will issue to compel a public official to perform a ministerial act. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 682 (1956); *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422, 423

(1961). An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Depoyster v. Baker,* 89 Tex. 155, 34 S.W. 106, 107 (1896). The Bridge and Road Act imposes a ministerial duty on a commissioners' court to hold an election in the event that the proper number of valid signatures are presented to it.

The TEXAS ELECTION CODE provides that, for petitions authorized or required to be filed under a law outside the Election Code, a petition, to be valid must:

> (1) contain in addition to the signature:
>
>   (A) the signer's printed name;
>
>   (B) the signer's voter registration number ...;
>
>   (C) the signer's *residence address;* and
>
>   (D) the date of signing....

TEX.ELEC.CODE ANN. § 277.002 (Vernon Supp.1993) (emphasis ours). Furthermore, the Election Code defines "residence address" as:

> the street address and any apartment number, or the address at which mail is received if the residence has no address, and the city, state, and *zip code* that correspond to a person's residence.

*Id.* at § 1.005(17) (emphasis ours).

■ Strictly construed, the provisions in the Election Code requiring the zip code are mandatory. However, Texas courts have not always required strict compliance with the Election Code's mandates regarding what will or will not invalidate voter petition signatures. Generally, the main factor employed in determining what degree of deviation from the Election Code will be allowed is whether the deviation will impair the ability to verify the eligibility (*i.e.* county residency, qualified voter, etc.) of the voter, if verification is desired. *See Love v. Veselka,* 764 S.W.2d 564, 565 (Tex.App.—Houston [1st Dist.] 1988, no writ); *see also Gray v. Vance,* 567 S.W.2d 16, 17 (Tex.Civ.App.—Fort Worth 1978, no writ).

■ In *Bacon v. Harris County Republican Executive Committee,* the court held that the failure to insert the name of the state in

an address does not invalidate a petition signature under the Election Code. *Bacon,* 743 S.W.2d 369, 371 (Tex.App.—Houston [14th Dist.] 1988, no writ). The court relied on *Love v. Veselka,* which reasoned that the inclusion of the word "Texas" was superfluous and was not considered part of the essential information for verification purposes. *Love,* 764 S.W.2d at 565. *See also Cohen v. Strake,* 743 S.W.2d 366 (Tex.App.—Houston [14th Dist.] 1988, no writ). Likewise, in *Hoot v. Brewer,* the court held in a case involving a county judge election that where a signature includes a street address, P.O. box number, or rural route number, but no city designation, the signature is nevertheless valid. *Hoot,* 640 S.W.2d 758, 762–63 (Tex.App.— Houston [1st Dist.] 1982, no writ).

The Appellees do not argue that the zip code's absence would interfere with any possible verification efforts, but only urge strict compliance with the Election Code requirements. The inclusion of the zip code will not help verify the eligibility of those who signed the petition. Therefore, we conclude that the failure to include the zip code will not invalidate an otherwise valid petition signature. The trial court erred when it denied the Appellants' writ of mandamus after finding the 575 signatures invalid.

The judgment of the trial court is **reversed and the cause is remanded for further proceedings** consistent with this opinion.

HOLCOMB, C.J., not participating.