James D. **STRACHAN** and James B. **Neal**, Relators,

v.

Bob **LANIER**, Mayor of The City of Houston, and Molly Pryor, Clerk of Harris County, Respondents.

No. 01–93–00906–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 8, 1993.

Rehearing Denied Nov. 4, 1993.

A. Glenn Diddel, III, Christopher Tramonte, Houston, for relators.

Baker & Botts, L.L.P., Scott E. Rozzell, Patrick Zummo, Haynes & Boone, L.L.P., Lynne Liberato, Jeff Nobles, Benjamin L. Hall, III, Houston, for respondents.

Before COHEN, MIRABAL and HEDGES, JJ.

## OPINION

PER CURIAM.

■ Relators, candidates for the office of Houston City Council member, District F, in the election to be held November 2, 1993, seek leave to file a petition for a writ of mandamus directing respondent Bob Lanier, mayor of the City of Houston, to remove the name of John Goodner, the real party in interest, from the ballot. Relators contend that Goodner's application for a place on the ballot did not comply with the applicable requirements as to form, content, and procedure, triggering a nondiscretionary, ministerial duty on Lanier's part, under TEX.ELEC. CODE ANN. § 141.032(e) (Vernon 1986), to deny the application. We deny leave to file.

The jurisdiction of this Court has been invoked pursuant to TEX.ELEC.CODE ANN. § 273.061 (Vernon 1986).

Relators assert that some of the signatures appearing on the challenged petitions were fraudulently obtained or forged. Relators also assert that Goodner materially altered previously notarized statements, causing his petitions to be either invalid or late-filed. These claims require a factual determination.

■ Appellate courts may not resolve disputed factual issues in a mandamus action. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990) (orig. proceeding). Further, we disagree with relators' contention that even one fraudulently obtained signature is fatal to an entire petition.

Relators next challenge the sufficiency of Goodner's petitions because of the presence of certain defects. The alleged defect that is material to this mandamus action is the lack of *either* a city *or* a zip code designation on a substantial number of the signature lines.

■ The statutory purpose in requiring each signatory on a petition to list his address and voter registration number is to allow verification, if desired. *Cohen v. Strake,* 743 S.W.2d 366, 368 (Tex.App.— Houston [14th Dist.] 1988) (orig. proceeding). We rely on the following authorities in holding that the absence of a city and zip code designation, alone, does not invalidate a signature on a petition. *Reese v. Commissioners' Court of Cherokee County,* 861 S.W.2d 281 (Tex.App.—Tyler, 1993, orig. proceeding); *Love v. Veselka,* 764 S.W.2d 564 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding); *Cohen,* 743 S.W.2d 366; *Hoot v. Brewer,* 640 S.W.2d 758 (Tex.App.—Houston [1st Dist.] 1982, orig. proceeding).

We also note that Goodner's petition forms contain the following statement at the top of each page:

"I know the contents of this application ... [and] I am also a registered voter from that District [District F]."

As a registered voter in District F, a signer necessarily lived in the city of Houston. We are to take into consideration the entire petition when determining whether the residence address information for a signer is sufficient. *See Fitch v. Fourteenth Court of Appeals,* 834 S.W.2d 335, 337–38 (Tex.1992) (orig. proceeding).

For the foregoing reasons, we overrule relators' motion for leave to file petition for writ of mandamus and application for temporary injunction.

It is so **ORDERED.**