**Manuel BEJARANO, Relator,**

v.

**The Honorable William MOODY, Judge Presiding, 6th Administrative Judicial Region, Respondent.**

No. 08–95–00106–CV.

Court of Appeals of Texas, El Paso, En Banc.

April 13, 1995.

Rehearing Overruled April 14, 1995.

Michael R. Gibson, El Paso, for relator Manuel Bejarano.

Victor M. Firth, Mounce and Galatzan, El Paso, for respondent Barbara Perez.

Laura P. Gordon, Asst. City Atty., El Paso, for respondents City.

William Moody, Judge, 34th Judicial Dist. Court, El Paso, for real party (Judge).

### *OPINION ON DENIAL OF MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS*

PER CURIAM.

Relator, Manuel Bejarano, seeks leave to file his Petition for Writ of Mandamus directing the Honorable William Moody, Judge Presiding, 6th Administrative Judicial Region to conduct a hearing on the validity of an application for a place on the ballot. For the following reasons, we deny Relator's motion for leave to file petition for writ of mandamus.

The record before this Court reveals that on April 7, 1995, Relator file a petition for writ of mandamus challenging the action of Carole Hunter, El Paso City Clerk, of placing the name of Barbara Perez on the ballot

for the 1995 El Paso General Election. The action was filed in the 171st District Court of El Paso County, Texas. After the Honorable Peter Peca, 171st District Judge disqualified himself from the case, Respondent William Moody, appointed a visiting judge to hear the matter. Hearing on the matter is set for 10:00 a.m., Friday April 14, 1995 in the district court. Relator seeks a speedier hearing; the Real Party in Interest, Barbara Perez, requests that this Court order the district court to dismiss the pending writ for want of jurisdiction.

Mandamus against Carole Hunter, City Clerk for the City of El Paso, is governed by Tex. Elec.Code Ann. § 273.061. Section 273.061 provides as follows:

The supreme court or a **court of appeals** may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

Mandamus relief lies exclusively with the appellate courts of our state,[1] not with its district courts. *See Sears v. Bayoud,* 786 S.W.2d 248, 249 (Tex.1990); *Strachan v. Lanier,* 867 S.W.2d 52, 53 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). Respondent, the Honorable William Moody, lacked the requisite authority to appoint a judge to consider a matter over which the court lacked subject matter jurisdiction. Insofar as mandamus will not issue to correct an order that the trial judge did not have authority to enter, we deny Relator's motion for leave to file his petition for writ of mandamus. *See e.g. Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex.1973).

---

1. As of the issuance of this opinion, no motion for leave to file petition for writ of mandamus seeking relief against the City Clerk of El Paso is pending before this Court. Accordingly, we express no opinion on the contentions raised by the Relator in the instant case.