IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00427-CR

 

Paul Keith Struckman,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2009-580-C2

 



STATEMENT OF RECUSAL



 








            I
hereby recuse myself from further participation in this case.

 

 

                                                                                    _____________________________

                                                                                    FELIPE REYNA

                                                                                    Justice

 

 

                                                                                    Date:
________________________






if">      Gibson is a candidate for the office of County Commissioner, Precinct Two, in the Democratic
Primary to be held in McLennan County on March 10, 1998. As an applicant for a place on the
ballot for commissioner, Gibson has standing to sue and is entitled to the requested relief if Collins
has failed to strictly comply with the Election Code. Thiel v. Harris County Democratic Executive
Comm., 534 S.W.2d 891, 892 (Tex. 1976) (orig. proceeding); see Fitch v. Fourteenth Court of
Appeals, 834 S.W.2d 335, 336 (Tex. 1992) (orig. proceeding); Sears v. Bayoud, 786 S.W.2d 248,
248-49 (Tex. 1990) (orig. proceeding); Cohen v. Rains, 745 S.W.2d 949, 950 (Tex. App.—
Houston [14th Dist.] 1988, orig. proceeding); Adkins v. Rawls, 182 S.W.2d 509, 512 (Tex. Civ.
App.— Waco 1944, orig. proceeding).
JURISDICTION
      This Court has jurisdiction to entertain Gibson’s petition and to issue the requested writ by
virtue of the authority conferred on it by section 161.009 and section 273.061 of the Election Code. 
Section 273.061 provides:
The supreme court or a court of appeals may issue a writ of mandamus to compel the
performance of any duty imposed by law in connection with the holding of an election or
a political party convention, regardless of whether the person responsible for performing
the duty is a public officer.
 
Tex. Elec. Code Ann. § 273.061 (Vernon 1986). Section 161.009 provides:
The performance of a duty placed by this code on an officer of a political party is
enforceable by writ of mandamus in the same manner as if the party officer were a public
officer.
 
Tex. Elec. Code Ann. § 161.009 (Vernon 1986).
      Gibson has requested that this Court order the McLennan County Republican Party Chair, M.
A. Taylor, to remove Collins’ name as a candidate for county commissioner. As the officer of the
Republican Party responsible for submitting the names of candidates to be placed on the primary
election ballot, M. A. Taylor is subject to a writ of mandamus directing him to comply with the
duties imposed on him by the Election Code. Davis v. Taylor, 930 S.W.2d 581, 584 (Tex. 1996)
(orig. proceeding); Sears, 786 S.W.2d at 249; Escobar v. Sutherland, 917 S.W.2d 399, 404 (Tex.
App.— El Paso 1996, orig. proceeding); Bejarano v. Hunter, 899 S.W.2d 346, 349 (Tex. App.—
El Paso 1995, orig. proceeding); Strachan v. Lanier, 867 S.W.2d 52 (Tex. App.— Houston [1st
Dist.] 1993, orig. proceeding). Consequently, if we conclude that Collins has failed to satisfy the
statutory requirements imposed on potential candidates, then we will issue a writ ordering M. A.
Taylor to declare Collins ineligible and to remove Collins’ name from the list of candidates
submitted to the McLennan County Elections Administrator to be placed on the Republican Primary
Election Ballot.
 
ISSUES PRESENTED
      Having determined that this Court has jurisdiction to consider the merits of this mandamus
proceeding and that Gibson is a proper party to have filed this petition, we turn now to the issues
presented for our consideration: (1) Has Collins satisfied the statutory residency requirements for
a candidate for county commissioner? and (2) Does Collins’ application for candidacy in the
primary election strictly comply with the requirements mandated by the Election Code? Because
we conclude that Collins’ application does not strictly comply with the Election Code, we will issue
the writ of mandamus ordering M. A. Taylor to remove Collins’ name from the ballot as a
candidate for County Commissioner, Precinct Two.
DEFECTIVE APPLICATION
      Collins filed an application to have his name placed on the Republican Party Primary Election
Ballot with M. A. Taylor, the McLennan County Republican Party Chair, by the requisite filing
deadline of January 2, 1998. See Tex. Elec. Code Ann. § 172.022(a)(2) (Vernon Supp. 1998)
(an application for a place on the primary election ballot must be filed with the county chair for an
office filled by voters of a single county), § 172.023(a) (Vernon Supp. 1998) (an application for
a place on the primary election ballot must be filed no later than 6:00 p.m. on January 2 in the
primary election year). However, Collins did not fully complete the application prior to having
it verified. As part of the application, Collins was required to fill-in several blank spaces. The
application contained the following section:
Before me, the undersigned authority, on this day personally appeared
_________________, who being by me here and now duly sworn, upon oath says: “I,
____________________, of _____________ County, Texas, being a candidate for the
office of _______________________, swear that I will support and defend the
Constitution and laws of the United States and of the State of Texas. I am a citizen of the
United States eligible to hold such office under the Constitution and laws of this state. I
have not been declared mentally incompetent as determined by final judgment of a court,
nor have I been finally convicted of a felony for which I have not been pardoned or had
my full rights of citizenship restored by other official action. I am aware of the nepotism
law, Chapter 573, Government Code. . . .”
 
Collins signed the application, and the application is properly verified. However, the above spaces
were left blank. Gibson argues that because Collins failed to fully complete his application, the
application fails to satisfy the statutory requirements governing a candidate’s application. We
agree.
      A candidate for public office is required to file an application for a place on the primary
election ballot with the appropriate party official, in this instance, the McLennan County
Republican Party Chair. Tex. Elec. Code Ann. § 172.021(a) (Vernon 1986), § 172.022(a)(2). 
Among other requirements, this application must include the statement:
“I, ___________, of _____________ County, Texas, being a candidate for the office of
_____________, swear that I will support and defend the constitution and laws of the
United States and of the State of Texas.”
 
Tex. Elec. Code Ann. § 141.031(4)(K).
      Upon receipt of a candidate’s application, the party official is charged with the duty of
reviewing the application within five days of the filing deadline and making a determination as to
whether the application complies with all statutory requirements. Tex. Elec. Code Ann. §
141.032(a), (b) (Vernon 1986). If the application does not conform to the mandated requirements,
then the party official must “reject the application and immediately deliver to the candidate written
notice of the reason for the rejection.” Tex. Elec. Code Ann. § 141.032(e) (Vernon 1986). The
party official’s duties do not end at this point. Within ten days of the date of the filing deadline,
the party official is required to submit a list of candidates to the appropriate officials responsible
for finalizing the primary ballot, here, the county clerk, the state chair, and the secretary of state. 
Tex. Elec. Code Ann. § 172.029 (Vernon 1986 & Supp. 1998). If the candidate withdraws, dies,
is declared ineligible, or has his or her application determined to not be in compliance with the
statutory requirements, then the candidate’s name must be omitted from the list. Id.
      In the instant case, Collins’ application was incomplete because he failed to fill-in the blanks
which, by statute, are required to be included on his application for candidacy. See Tex. Elec.
Code Ann. § 141.031(4)(K). In his response, Collins argues that he was not to blame for such
omissions. He seeks to shift the responsibility for failing to properly complete his application to
M. A. Taylor for failing to review his application and discover the noncompliance and to the notary
public, who, according to Collins, would have filled-in the blanks had he not been called away to
attend to a business emergency. Collins’ argument is not persuasive.
      “Statutory requirements concerning candidacy for public office are mandatory, and must be
strictly construed to ensure compliance.” Bejarano, 899 S.W.2d at 349 (citing Wallace v. Howell,
707 S.W.2d 876, 877 (Tex. 1986) (orig. proceeding) and Jones v. Mather 709 S.W.2d 299, 300
(Tex. App.— Houston [14th Dist.] 1986, orig. proceeding)). Such compliance in regard to the
completion of a candidate’s application rests primarily on the shoulders of the candidate. See id.
at 350; see also Escobar, 917 S.W.2d at 404. Although the county chair is charged with reviewing
a candidate’s application within five days of the filing of the application, the candidate, not the
county chair, must ensure that the application strictly complies with state law. Bejarano, 899
S.W.2d at 350-51; see Brown v. Walker, 377 S.W.2d 630, 632 (Tex. 1964) (orig. proceeding); see
also Tex. Elec. Code Ann. § 141.032(a), (b).
      On its face, Collins’ application was defective, and upon review of the application and
notification to Collins of the application’s deficiency, M. A. Taylor was required to omit Collins’
name from the list of candidates for inclusion on the McLennan County Republican Party Primary
Election Ballot for the office of County Commissioner, Precinct Two. See Tex. Elec. Code Ann.
§ 172.029(d). Therefore, because M. A. Taylor has failed to omit Collins’ name from the list of
candidates due to Collins’ defective application for candidacy, we grant the requested writ of
mandamus. M. A. Taylor is hereby ordered to omit Collins’ name as a candidate for the office of
County Commissioner, Precinct Two, from the ballot. To the extent relief is not granted in this
opinion, our earlier temporary order is vacated.
      Due to our disposition of the second issue presented--that Collins must be omitted from the
ballot because he filed a defective application for candidacy--we need not address the issue of
whether Collins satisfied the residency requirements of a candidate for a county office.
      Because of the proximity of the date for the beginning of the early voting period, we will not
entertain a motion for rehearing in this cause. See Tex. R. App. P. 2; Escobar, 917 S.W.2d at
411; but see Tex. R. App. P. 52.9.
 
                                                                   BOBBY L. CUMMINGS
                                                                   Justice
 
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Writ granted
Opinion delivered and filed January 22, 1998
Publish