

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

September 8, 2017

The Honorable Jodie Laubenberg
Chair, House Committee on Elections
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0161

Re: Requirements for signatures on a petition filed in connection with a candidate's application for a place on the ballot (RQ-0151-KP)

Dear Representative Laubenberg:

The Election Code requires certain candidates seeking placement on a ballot to file, alongside an application for candidacy, a petition containing a specified number of signatures from qualifying voters. *See* TEX. ELEC. CODE §§ 142.004, 172.021(b), (f); *see also id.* § 142.007 ("Number of Petition Signatures Required"). You request an opinion concerning the requirements for voter signatures on such a petition.[1] Election Code subsection 141.063(a)(2) provides that a signature on a petition is valid if, among other requirements, it includes the following information with respect to each signer:

> (A) the signer's residence address;
>
> (B) the signer's date of birth or the signer's voter registration number and, if the territory from which signatures must be obtained is situated in more than one county, the county of registration;
>
> (C) the date of signing; and
>
> (D) the signer's printed name.

*Id.* § 141.063(a)(2). You question whether a petition signature is "rendered invalid by the mere fact that the signer's printed name does not exactly match the signer's voter registration, if the validity of the signature can otherwise be verified by public records." Request Letter at 1.

"Our objective in construing a statute is to give effect to the Legislature's intent, which requires us to first look to the statute's plain language." *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). "If that language is unambiguous, we interpret the statute according to its plain meaning." *Id.* The plain language of section 141.063 does not require a qualified voter who

---

[1]Letter from Honorable Jodie Laubenberg, Chair, House Comm. on Elections, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 22, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

signs a petition to print his or her name exactly as the name appears on the voter registration list. Rather, subsection 141.063(c) expressly provides that "[t]he use of ditto marks or abbreviations does not invalidate a signature if the required information is reasonably ascertainable." TEX. ELEC. CODE § 141.063(c). By permitting the use of ditto marks or abbreviations in providing the information required to validate a signature, the Legislature allowed for a printed name that does not exactly match the name on the signer's voter registration card, as long as the information is reasonably ascertainable.

Furthermore, the Texas Supreme Court, in addressing the validity of a petition signature when the signer omitted some residence address information, concluded that omitting certain information listed in the statutory requirements will not necessarily invalidate a signature. *See In re Bell*, 91 S.W.3d 784, 787 (Tex. 2002). Emphasizing that "one of the principal purposes behind the Election Code" requirements is to prevent election fraud, the Court held that doing so does not require invalidating a petition signature "if the signer provides enough information to allow verification of the signer's voting eligibility for a particular election." *Id.* Consistent with the Texas Supreme Court's reasoning, the Fort Worth Court of Appeals addressed the validity of signatures on petitions calling for a tax roll-back election. *Vinson v. Burgess*, 775 S.W.2d 509, 511 (Tex. App.—Fort Worth 1989, no writ). The county clerk in that case invalidated any signature on the petitions that did not exactly match the name as it appeared on the voter registration list. *Id.* Ordering the county to reconsider the validity of those petitions, the court of appeals concluded that the law did not require the petition signature to exactly match the voter registration list. *Id.* at 512. Likewise, with regard to your question, a petition signature is not automatically rendered invalid when the signer's printed name on the petition does not exactly match the signer's name as listed on voter registration rolls. *See In re Bell*, 91 S.W.3d at 787; *Vinson*, 755 S.W.2d at 511; *see also Sears v. Strake*, 764 S.W.2d 805, 806 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding) (declining to issue mandamus to order the rejection of a petition in which the printed names of the signers did not exactly match the signed names on the petition).

You also ask what evidence an election official must consider in verifying the validity of a signature under section 141.063 of the Election Code. Request Letter at 1. Subsection 141.065(a) of the Election Code requires that each part of the petition include an affidavit from the person circulating the petition swearing that the person: "(1) pointed out and read to each signer, before the petition was signed, each statement pertaining to the signer that appears on the petition; (2) witnessed each signature; (3) verified each signer's registration status; and (4) believes each signature to be genuine and the corresponding information to be correct." TEX. ELEC. CODE § 141.065(a). Subsection 141.065(b) further provides that if a petition contains a complying affidavit, "the authority with whom the candidate's application is filed may treat as valid each signature to which the affidavit applies, without further verification, unless proven otherwise." *Id.* § 141.065(b). Pursuant to this provision, an election official may not be required to consider any additional information to verify the validity of a signature.

However, if a dispute arises, or if an election official chooses to independently review and validate each signature, the courts provide guidance on what evidence the election official must consider. To verify a signature, the Texas Supreme Court advised that election officials must "examine the voter registration records maintained" by the county along with all of the information provided by the signer in the petition. *In re Bell*, 91 S.W.3d at 788. Similarly, the court of appeals

in *Vinson v. Burgess* concluded that the election official considering the validity of the petitions must, "at a minimum, for each signature reviewed," compare "all of the information on the petition and the comparable information in the voter registration records." 775 S.W.2d at 512; *see also In re Vera*, 71 S.W.3d 819, 820–21 (Tex. App.—Eastland 2002) (emphasizing that petition signatures can be "readily verified by checking the voter registration records").

## S U M M A R Y

Section 141.063 of the Election Code does not require that a qualified voter who signs a petition to place a candidate's name on the ballot print the voter's name exactly as the name appears on the voter registration list. Thus, a signature on such a petition is not automatically rendered invalid when the signer's printed name does not exactly match the signer's name as listed on voter registration rolls.

An election official verifying such a signature for validity must consider all of the information provided by the voter in the petition and the voter's registration records.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee