**In re Joe G. VERA and Florentino Morales.**

No. 11–02–00072–CV.

Court of Appeals of Texas, Eastland.

Feb. 20, 2002.

David Martinez, Law Office of David Martinez, Lubbock, for appellant.

Bobby J. Moody, Moody & Hays, L.L.P., Lubbock, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

This is an original proceeding. Relators seek a writ of mandamus from this court directing the Chairman of the Dawson County Democratic Party to place their names on the 2002 Dawson County Democratic Primary Ballot. We conditionally grant the writ of mandamus.

On December 14, 2001, Florentino Morales filed a petition in lieu of a filing fee to run as a Democrat for the position of County Commissioner, Precinct 2, for Dawson County. On January 2, 2002, Joe G. Vera filed a petition in lieu of a filing fee to run as a Democrat for the position of Dawson County Judge. Both Morales

and Vera used a form promulgated by the Secretary of State's office in 1989. The 1989 form had a space for a signature and spaces for the signer's printed name, street address, city, and zip code (Texas was preprinted on the form as the state of residence), for the date, for the county, and for the signer's voter registration number. The 1989 form did not have a space for the signer's date of birth. Eldon Moody, the Democratic County Chairman, accepted both petitions. On January 15, 2002, Moody telephoned Vera and informed him that his name would not be on the ballot because the Secretary of State had told Moody the 1989 form was not the correct form. On January 18, 2002, Moody informed Morales that his name would not be on the ballot because the 1989 form was not the correct form.

In their petition for writ of mandamus, relators contend that the information they supplied in their petitions in lieu of a filing fee was sufficient to validate the signatures on their petitions. Therefore, relators contend that their names should appear on the Democratic Primary Ballot. Moody responds that relators' petitions were invalid because they used an out-of-date form which failed to provide a place to list the signer's date of birth and that relators have waited too long to complain and are barred by laches.

In order to appear as a candidate on a general election primary ballot, TEX. ELEC. CODE ANN. § 172.021 (Vernon Supp.2002) requires that the candidate make an application in compliance with TEX. ELEC. CODE ANN. § 141.031 (Vernon Supp.2002) and file either the appropriate filing fee or "a petition that satisfies the requirements prescribed" by TEX. ELEC. CODE ANN. § 141.062 (Vernon 1986). Section 141.062 provides in pertinent part:

(a) To be valid, a petition must:

(1) be timely filed with the appropriate authority;

(2) contain valid signatures in the number required by this code; and

(3) comply with any other applicable requirements for validity prescribed by this code.

TEX. ELEC. CODE ANN. § 141.063 (Vernon Supp.2002) states that a signature on a petition is valid if the signer is a registered voter and the petition includes the signer's residence address, date of birth, and voter's registration number as well as the signer's printed name and the date of signing.

The Texas Supreme Court has recently addressed the validity of the signatures on a petition in lieu of a filing fee in the case of *In re Kevin H. Bell*, 45 Tex. Sup.Ct. J. 336, 2002 WL 87074 (Janaury 22, 2002). In *Bell*, some of the signers did not include the city in which they resided as specified in Section 141.063. The *Bell* court noted that, under the Code Construction Act, TEX. GOV'T CODE ANN. § 311.001 et seq. (Vernon 1998 & Supp.2002), the legislature is presumed to have intended a "just and reasonable result" in enacting statutes. *In re Kevin H. Bell*, supra at 337, 2002 WL 87074 at *2. See also In re Gamble, 45 Tex. Sup.Ct. J. 397, No. 02–0104, 2002 WL 242639 (February 19, 2002). The court held that the omission of the city of residence did not "undermine the purpose behind the Election Code's 'residence address' requirement [to prevent election fraud] because there is enough other information to allow voting-eligibility verification." *In re Kevin H. Bell*, supra at 339, 2002 WL 87074 at *4. The court further held that the signatures were not invalid for the purposes of Section 141.063 and must be counted.

▪ The signatures on Morales' and on Vera's petitions could be readily verified

by checking the voter registration records for Dawson County. The signers furnished their voter's registration numbers. When registering to vote, the date of birth must be furnished. TEX. ELEC. CODE ANN. § 13.002 (Vernon Supp.2002). Therefore, following the Texas Supreme Court's reasoning and holding in *Bell*, we find that the omission of the signers' dates of birth does not undermine the purpose behind the Election Code and that both Morales and Vera should appear as candidates on the Dawson County Democratic Primary Ballot.

■ We disagree with the argument that Morales and Vera have waited too long to raise their complaint and are, therefore, barred by the doctrine of laches. The primary is scheduled for March 12, 2002. Early voting is scheduled to begin on February 25, 2002. By the respondent's calculations, today is the 20th day before the election. Current technology should afford sufficient time to add Morales and Vera to the ballots prior to the 17th day before the election when ballots must be mailed.

The petition for writ of mandamus is conditionally granted. In the event that Joe G. Vera is not added to the Dawson County Democratic Primary Ballot as a candidate for Dawson County Judge or that Florentino Morales is not added to the Dawson County Democratic Primary Ballot as a candidate for Dawson County Commissioner, Precinct 2, mandamus shall then issue.