

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00007-CV

IN RE STEPHANIE WILSON                                            RELATOR

----------

## ORIGINAL PROCEEDING

----------

## **OPINION**

----------

Stephanie Wilson filed a petition for writ of mandamus pursuant to section 273.061 of the election code seeking to compel Deborah Peoples, the Chair of the Tarrant County Democratic Party, to "accept . . . Wilson's Application, Petition and filing fee and to certify her name . . . upon the ballot of the 2014 Democrat Party general primary ballot" for Justice of the Peace Precinct 8. Tex. Elec. Code Ann. § 273.061 (West 2010) (providing that court of appeals may issue a writ of mandamus to compel performance of any duty imposed by law in connection with holding of an election). Wilson alleges that Peoples improperly determined

that she had not obtained sufficient petition signatures in accordance with election code section 172.021(e) because—after initially reviewing and accepting her application and petition—Peoples later determined that there were too many invalid signatures. *Id.* § 172.021(e) (West Supp. 2013) (providing that justice of the peace candidate must obtain a minimum of 250 signatures).

In conjunction with the petition for writ of mandamus, Wilson has also filed a petition for writ of injunction, case number 02-14-00009-CV, seeking an order enjoining Steve Raborn, the Tarrant County Elections Administrator, from printing ballots that include the office sought by Wilson until this original proceeding can be heard. Peoples has responded to both the petition for writ of mandamus and petition for writ of injunction, and Raborn has responded to the petition for writ of injunction. In a separate opinion, we are denying the petition for writ of injunction.

### Applicable Facts

In an affidavit attached to her responses, Peoples avers as follows:

- Wilson originally attempted to file her application, petition, and filing fee on December 9, 2013, the filing deadline, at 10:00 a.m. Peoples "noticed a problem with the signature petitions involving the notarization of the signature of the circulator . . . and advised [Wilson] to correct the problem or to in some other way obtain the required number of signatures so that she could submit a valid application."

- Wilson returned at 5:45 p.m. with "several more signature petitions, constituting some twenty-nine pages . . . purport[ing] to have 287 signatures." Peoples "reviewed those petitions, and did not find any facial errors or incorrect statements. Therefore, she "accepted the filing fee and [Wilson's] application."

2

- Wilson and the incumbent justice of the peace candidate participated in a drawing for ballot position on December 11, 2013.

- On December 13, the incumbent candidate lodged a "formal objection" with Peoples to Wilson's candidacy, claiming that 64 of the signatures on Wilson's petitions were duplicates or invalid by law.

- Peoples "directed that the signatures submitted by Ms. Wilson be checked in order to ensure that all of the persons signing Ms. Wilson's petitions were indeed residents of Precinct 8 of Tarrant County." Three people in Peoples's office checked and re-checked the signatures and "determined that Ms. Wilson had not obtained the signatures of a sufficient number of people such that the number of valid signatures submitted with her application totaled the required 250."[1]

- On December 18, 2013, Peoples sent Wilson a letter advising that Wilson had not provided 250 valid petition signatures under section 172.021 and that Peoples was disqualifying Wilson from the 2014 Democratic primary ballot. However, Peoples did not explain why the signatures were invalid or how many signatures were invalid.

- Thereafter, Wilson objected and informed Peoples that she did not believe the verification process was correct. Peoples then consulted Raborn, who informed her that "the most accurate method of checking the residence of registered voters in Tarrant County was to review records kept by his office of every registered voter in the county." The same three people from her office who initially checked the signatures went to the Tarrant County Elections Administration Office and "reviewed the records in detail" with an employee of that office. "Once again, it was determined that an insufficient number of the names and signatures that were submitted by Ms. Wilson in connection with her application were of people who either resided in Precinct 8 or who were registered voters, thereby leaving Ms. Wilson short of the required 250 signatures."

- According to Peoples, those same people from her office also determined that four of the signatures were duplicates of signatures appearing on other pages.

---

[1]Peoples does not indicate by what method these three people verified the residencies of the signatories.

- 74 of the signatures were determined to be invalid, leaving Wilson with only 213 valid petition signatures.

- Peoples informed Wilson on December 21, 2013 by voice mail of the reverification of the signatures and that Peoples stood by her decision disqualifying Wilson from the 2014 Democratic primary.

Peoples included Raborn's affidavit in her response to the petition, stating that the Elections Administration Office "keeps updated records of all voters who are registered to vote in Tarrant County," including "the name of every registered voter, their date of birth, their address, and their voter registration number." It is his practice to allow his office to assist persons who are seeking nonprotected information about registered voters. Raborn verified that one of his employees "reviewed records of registered voters kept by [that] office in order to confirm if certain names listed on the signature petitions of an Applicant for a Place on the Democratic Primary Election (Justice of the Peace, Precinct 8) were indeed registered voters, and if such persons resided in Precinct 8."

Peoples also included an affidavit from Raborn's employee that includes a list of the names Raborn asked the employee to verify. The employee avers that he checked this list of names against the list of registered voters maintained by the office and that thirty-two people who signed Wilson's petition "were not registered to vote in Tarrant County." His affidavit lists those thirty-two people by name. He further avers that forty persons from the list of names provided to him by Raborn "resided in precincts other than Justice of the Peace Precinct 8," and he lists those people by name.

**Analysis**

Section 141.063(a) of the election code provides that a signature on a petition is valid if "the signer, at the time of signing, is a registered voter of the territory from which the office sought is elected." *Id.* § 141.063(a)(1) (West 2010). Each part of the petition must contain an affidavit stating that the person who circulated it verified each signer's registration status. *Id.* §§ 141.063(a)(3), 141.065 (West 2010). Upon the filing of an application for a place on the ballot, the authority with whom it is filed must "review the application to determine whether it complies with the requirements as to form, content, and procedure that it must satisfy for the candidate's name to be placed on the ballot." *Id.* § 141.032(a) (West Supp. 2013). A petition containing an affidavit in compliance with the statute may be treated as valid without further verification unless "proven otherwise." *Id.* § 145.065(b) (West 2010).

A determination that an application complies does not preclude a subsequent determination that it does not comply. *Id.* § 141.032(d). However, if the authority determines that an application does not comply, it must reject the application "and immediately deliver to the candidate *written notice of the reason for the rejection.*" *Id.* § 141.032(e) (emphasis added). This is so that an early-filing candidate may cure any deficiencies in an application or accompanying petitions. *In re Francis*, 186 S.W.3d 534, 540–41 (Tex. 2006). But the legislature has amended the election code to provide that a candidate may not file, and a

5

party chair may not accept, amendments to an application or accompanying petitions after the filing deadline has passed. Tex. Elec. Code Ann. § 141.032(g) (applying to application for place on ballot filed on or after September 1, 2011). Thus, it appears that the legislature has foreclosed the opportunity to cure any defects in an application or petition discovered after the filing deadline.

Here, Peoples properly conducted her initial review of Wilson's application per section 141.032(a) and determined that it contained no facial errors or incorrect statements; she accepted Wilson's application and had Wilson sign a candidate checklist. Four days later, Peoples permitted Wilson to draw for ballot position. When the incumbent justice of the peace subsequently challenged the validity of certain signatures on Wilson's petition, Peoples was authorized to undertake a further review of Wilson's petition. *Id.* § 141.032(d), 141.065(b). Relying on public voter registration records maintained by the Tarrant County Elections Office, Peoples determined that Wilson had not provided at least 250 signatures of registered voters within Precinct 8. *See id.* § 13.002(c)(7) (West Supp. 2013) (providing that applicant for voter registration card must provide address of residence or, if location of residence has no address, a description of the location of the residence), § 15.021(a), (d) (West 2010) (providing that registered voter must promptly provide notice to county registrar of change in address and, if new address is within county, may do so by digital media), § 15.022(b) (West Supp. 2013) (requiring county registrar to request information

6

from United States postal service monthly regarding address reclassifications affecting county's registered voters); *cf. In re Vera*, 71 S.W.3d 819, 820–21 (Tex. App.—Eastland 2002, orig. proceeding) (noting, in discussing whether petitions defective for not including certain information, that "[t]he signatures on Morales' and on Vera's petitions could be readily verified by checking the voter registration records for Dawson County").  Once Peoples had obtained such conclusive, public-record evidence of the invalidity of the signatures, she had a ministerial duty to reject the application.  *See* Tex. Elec. Code Ann. § 141.065(b); *cf.* Tex. Elec. Code Ann. § 145.003(f)(2) (West 2010) (providing candidate may not be certified for placement on ballot if facts indicating ineligibility are conclusively established by another public record); *Hayes v. Harris Cnty. Democratic Exec. Comm.,* 563 S.W.2d 884, 885 (Tex. App.—Houston [14th Dist.] 1978, orig. proceeding) (holding chair has ministerial duty not to certify candidate if another public record conclusively proves facts showing ineligibility to hold office).

Accordingly, we deny the petition for writ of mandamus.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DELIVERED:  January 15, 2014

7